Donald S. Taylor, J.
On the ground that it was purely arbitrary, petitioner, employed since September, 1948 by the respondent Board of Education as a junior high school teacher of orchestral music, in this article 78 Civil Practice Act proceeding, seeks to annul a decision of the respondent Acting Commissioner of Education which confirmed her transfer by *15 the respondent board from one school to another in Manhattan. The transfer of petitioner was initiated on the complaint of her principal and was effected on the recommendation of an Assistant Superintendent of Schools based on what she termed a deterioration of petitioner’s relationship with him, the assistant principals and certain teachers of the school, incited by a lunch-hour conversation which had been reported to her supervisor in which she had commented critically on several aspects of the administration of the school.
The respondent Board of Education has adopted a ‘1 Staff Relations Plan for the Professional Staff ” which became operative on November 25, 1958, the basic concept of which was to provide procedures by which a member of the teaching staff who felt aggrieved might seek redress through conference, negotiation and agreement. The plan provided that negotiations should be conducted first on a face to face basis with an appropriate supervisor at the school level with the right accorded a teacher complainant whose problem had not been resolved there to conduct appellate negotiations with an Assistant Superintendent of Schools at the district level and with the final right of a second appeal to the Superintendent of Schools from an adverse decision of his assistant. It permitted a complainant to conduct the negotiations alone or with a staff relations officer of his choice and provided for the form, content and transmission of decisions rendered by administrative officials of the school system at the conclusion of each step of the negotiative process.
Petitioner’s contention is that the plan applied to teacher transfers and that, in her instance, there was a failure to comply with its provisions with a consequent deprivation of her rights. On her appeal from the respondent board’s action to the Acting Commissioner of Education, he has held that the Superintendent of Schools, with the approval of the respondent board, has absolute power in the absence of a showing of malice, bad faith, gross error or prejudice to direct the transfer of a teacher from one school to another. He has dismissed petitioner’s appeal. In his decision the respondent Acting Commissioner also observed that in arriving at the transfer determination, the officials of the school system had accorded petitioner far more consideration than the plan itself provided.
Subdivision 5 of section 256G of the Education Law states that the Superintendent of Schools has the right ‘ ‘ to transfer teachers from one school to another ” subject to confirmation by the Board of Education. The Staff Relations Plan provides: ‘ ‘ PART1 II. PROCEDURES OPEN TO STAFF MEMBERS WITH COMPLAINTS A member of the teaching staff who feels he has a complaint *16 has the right to seek redress through duly organized channels.” It defines a grievance which may form the basis of a complaint by a teacher as “ an act or condition which has given a member of the staff a sense of wrong or oppression and which he conceives to be contrary to established policy or practice.” That petitioner was not the original complainant is conceded. In the words of her brief she claims “ the indefeasible right under the Staff Relations Plan to appeal, as complainant, from the transfer order which the administrative procedures produced.” The plan further provides: “ C. Second Appeal — Superintendent of Schools 1. The word 1 appellant ’ as it is used in this section may refer either to the original complainant or to a head of a school who is appealing from a decision of the assistant superintendent. 2. The original complainant or the head of the school whose problem has not been resolved at the district level shall have the right to appeal to the Superintendent of Schools within twenty school days after receipt of the decision of the assistant superintendent.” Since only an original complainant or a school principal may be an appellant within the definition, the petitioner had no status under the plan to appeal to the Superintendent, the opportunity to press which she claims to have been denied. Moreover, this limitation of a teacher’s right to appeal to the Superintendent of Schools to one who is the original complainant strongly suggests that the ordinary remedial administrative processes and not the procedures detailed in the plan prevail where the complaint originates in a supervisor and not in a staff member as was the case here. The plan’s provisions that its procedures are open only to members of the teaching staff also would seem to exclude its applicability to complaints initially instituted by a supervisor.
In these circumstances the Acting Commissioner’s determination that the transfer of petitioner was within the framework of administrative action and prerogative to which the grievance machinery provided by the staff relations plan was not applicable cannot be regarded as purely arbitrary. Thus, under familiar authority it is not the subject of judicial review. (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 136; Barringer v. Powell, 230 N. Y. 37, 43; Bulloch v. Cooley, 225 N. Y. 566, 577, 578; Matter of Beam v. Wilson, 200 Misc. 183, affd. 279 App. Div. 277, 279-280; Education Law, § 310.)
Accordingly, the determination of the respondent Acting Commissioner of Education is confirmed and the proceeding dismissed on the merits.