## (July 7, 1966)

In the Matter of GEORGE VAN HEUSEN, Appellant, v. BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF THE CITY OF SCHENECTADY et al., Respondents.— AULISI, J. Appeal from a judgment of the Supreme Court at Special Term, Schenectady County, which dismissed the petition for failure

722

to state grounds upon which petitioner was entitled to legal relief in this article 78 proceeding. Petitioner, a teacher in the City School District of the City of Schenectady, seeks an order directing the rescission of an administrative determination assigning him to full time study hall supervision for the year 1965–1966. He contends that such assignment is an arbitrary and capricious abuse of discretion violative of his tenured contract. We do not agree. Mr. Van Heusen joined the Schenectady School System in 1946. In 1949 his name was placed on a list of teachers recommended for tenure as "secondary school teacher". During this three-year period he had junior high general science for one year and senior high mathematics for two years. He continued with the mathematics course until 1965 when he was notified by the school principal that he was scheduled to supervise study hall in 1965–1966. Petitioner wrote a letter stating that he did not wish to accept this assignment. A conference among petitioner, the Superintendent of Schools and the Assistant Superintendent was held but the assignment remained unchanged. Nor, was there any change in the assignment after petitioner had instituted certain local grievance procedural steps. Essentially, the question presented here is whether a teacher who has taught mathematics for several years may challenge the authority of the school administration to assign him to teaching duties involving the supervision of study hall in place of duties as a mathematics teacher. Petitioner does not contend that study hall supervision is a nonteaching duty, but only that his tenure is that of a *mathematics* teacher rather than only a teacher. In our opinion, petitioner's contention is untenable. His tenure since 1949 has been that of a "secondary school teacher." Furthermore, the definition of tenure adopted by the Court of Appeals in *Matter of Becker* v. *Board of Educ.* (9 N Y 2d 111), is that of "area tenure". "Area tenure" is descriptive of tenure at certain grade levels, e.g., elementary, secondary, kindergarten, industrial arts, etc., and also to certain specified subjects including "physical education, music, art and vocational subjects". Apart from these specified subjects, tenure is not available according to course subjects, but is only descriptive of grade level. The petitioner's tenure is, therefore, that of a "secondary school teacher" and not of secondary school mathematics teacher. It is our belief that no legal right of the petitioner has been violated by respondent's determination to assign him to proper teaching duties involving duties other than those of teaching mathematics. The record fails to disclose any abuse of discretion by the school administration, nor has it been shown that the determination was arbitrary and capricious. There is sufficient basis here for the determination and reassignment which appears to us to have been made upon sufficient rational basis. Neither do we find any merit in petitioner's argument that he was deprived of his rights to the grievance procedure provided under article 16 of the General Municipal Law. The grievance procedure required by that article is specifically limited to matters involving employee health, safety, physical facilities, materials or equipment furnished to employees and supervision of employees (see General Municipal Law, §§ 682, 683-a). The assignment of work fits none of these categories and the respondent properly refused to follow the grievance procedure. Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Taylor and Staley, Jr., JJ., concur.