Leo Brown, J.
This is an article 78 CPLR proceeding to direct-respondent to rescind certain directives issued to petitioners and to restrain and enjoin respondent and any persons acting in concert with him from interfering with petitioners’ ingress and egress from, or the performance of their duties as teachers and supervisors at, Edgar D. Shimer Junior High School (Intermediate School 142), located at 142-10 Linden Boulevard, Jamaica, New York.
Petitioners are teachers and supervisors in I.S. 142 and respondent, Hugh J. McDougall, Jr., is the Community Superintendent of Community School District 28. It appears that I.S. 142 was closed on November 5 and 6,1970, because of disruptions and demonstrations which occurred in and about the school and was reopened on November 9,1970. Petitioners allege that during the week beginning November 9,1970 they came to the school but did not enter the building or carry out their teaching duties. The petitioners further allege that they decided to report for work the following week, but that on November 14, 1970 they received telegrams sent by respondent ordering them to report to certain other schools within the district. The telegrams all state that each petitioner is ‘1 ordered to report on Monday, November 16 to [certain named schools] for temporary duty pending an investigation of your conduct at J.H.S. 142 ”.
Respondent states that, following the reopening of the school on November 9, 1970, the petitioners continued to absent themselves from work without authority and participated in a demonstration carried on in front of the building. He claims that petitioners joined wdth outside dissident groups in padlocking the school, advising parents to keep children out of school, and engaging in boisterous picketing of the building. In an affidavit submitted, respondent avers that “on November 14, in an attempt to remove the dissident teachers from the disorderly scene in front of I.S. 142,1 dispatched telegrams to each of them ordering them to report on Monday, November 16 to other schools in the district for temporary duty.” The reason given by respondent for such action was that the teachers ‘ ‘ were actively engaged in promoting disorder and encouraging the absence of students ”.
At the time the telegrams were sent, respondent had not initiated any charges of misconduct against the petitioners. It appears that at the present time, however, departmental charges have been preferred against four of the petitioners [Patricia Burnett, Constance Hicks, Geneva Jones and Hazel Rollins] who are tenured teachers. Furthermore, seven of the petitioners [Joyce Brogdon, Almeta Cantío, Carol Corley, Zelma Lewis, *163 Erma Malloy, Cornelius Shanahan and John Shanahan] are substitute teachers and have received notices of dismissal. The remaining six petitioners are probationary teachers and one is a probationary chairman of a department; respondent asserts that they are about to be dismissed.
Petitioners’ contention is that respondent has transferred them in violation of the express provisions of subdivision 8 of section 2590-j of the Education Law. Respondent contends that this section does not apply to the instant case since he claims to have ‘1 temporarily assigned ’ ’ petitioners and not to have transferred them. Respondent further requests that the petition be dismissed because the petitioners have not exhausted their administrative remedies and have not shown irreparable injury, and upon the further grounds that charges have been preferred against the petitioners holding tenure and the other petitioners either have been discharged or are about to be discharged.
In regard to respondent’s contention concerning petitioners’ failure to exhaust their administrative remedies or to show irreparable injury, our courts have held that direct resort to the courts is proper where the legality or meaning of a .statute or of a ruling made by an administrative officer is in dispute and no question of fact is involved. (Dun & Bradstreet v. City of New York, 276 N. Y. 198 ; Board of Educ. of Cent. School Dist. of Otego v. Rickard, 32 A D 2d 135.)
" But where the right of a party depends upon the interpretation of a statute and it is claimed that a school board or official has proceeded to act in violation of an express statute, and thereby the party complaining is being deprived of valuable rights, the courts will not be ousted of jurisdiction to determine the matter, notwithstanding another method of settling the controversy has been provided. ’ ’ (Matter of O’Connor v. Emerson, 196 App. Div. 807, 810, affd. 232 N. Y. 561 ; Board of Educ. of Cent. School Dist. of Otego v. Rickard, supra ; Cottrell v. Board of Educ. of City of N. Y., 181 Misc. 645, 650, affd. 267 App. Div. 817, affd. 293 N. Y. 792 ; cf. Matter of Council v. Donovan, 40 Misc 2d 744.)
If the afore-mentioned elements are present, an article 78 OPLR proceeding is proper since relief in the nature of mandamus may be granted to compel a public body or officer to refrain from taking particular administrative action in contravention of a clear mandate of law. (Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677, 684.)
Thus, in order to permit direct resort to the court by way of an article 78 proceeding, the statute allegedly violated must *164 apply to the dispute involved in the proceeding and the rights of the petitioners must be based upon the statute.
Under article 52 of the Education Law, which provides for the creation of the community school districts in New York City, it is provided in subdivision 1 of section 2590-f, that ‘ ‘ Except as otherwise éxpressly provided in this article, under the direction of his community board, each community superintendent shall have:
“ a, the same powers and duties with respect to the schools and programs under the jurisdiction of his community board as the superintendent of schools of the city district of the city of New York had on the effective date of this article ”.
Subdivision 6 of section 2566 gives the power to the City Superintendent of Schools to transfer teachers from one school to another. Hence, it would seem that this power has now been given to the Community Superintendent. Under subdivision 8 of section 2590-j, however, he has power to transfer teachers only for expressly specified reasons. The section provides that:
“ The community superintendent may transfer members of the teaching and supervisory service without their consent within the district for the following reasons only:
“ (a) Disciplinary action pursuant to subdivision seven of this section ” (and other reasons not applicable).
Subdivision 7 of section 2590-j concerns the authority and responsibility of the community boards with regard to ‘ ‘ trials of charges ” against members of the teaching and supervisory staffs of the schools within its jurisdiction. It provides that charges may be initiated by the Community Superintendent against an employee who has served the full and appropriate probationary period prescribed by, or in accordance with, law (i.e., a tenured employee) and that such employee shall not be found guilty of the charges except after a hearing and by an affirmative vote of all members of the board. The subdivision goes on to spell out the procedure for notice, hearings, method of determination and penalties. While subdivision 7 requires that charges be made and that a hearing be held as to tenured employees, that procedure is not required and appears to be discretionary with the board in regard to nontenured employees. As to tenured employees, the procedure is as follows: if a Community Superintendent has reason to believe a tenured employee is guilty of impropr conduct or of the other listed offenses, he must initiate charges against the employee with the Community Board. If the employee is found guilty of the charges after a hearing and by an affirmative vote of a majority of all members of the board, the board has the power to impose certain pen *165 alties, one of which is a transfer of the employee. If, after charges have been preferred and before the determination of the charges, the Community Superintendent believes that the employee should be removed from the school, the remedy is to recommend the suspension of the employee to the Chancellor of the City District (Education Law, § 2590-j, subd. 7, par. [e]).
Pursuant to paragraph (a) of subdivision 8, therefore, a Community Superintendent may transfer a tenured employee only following a determination upon charges unfavorable to the employee. As to nontenured employees, even assuming without so deciding that paragraph (a) of subdivision 8 applies, it would appear that charges or hearings are not required as a condition for transfer. This interpretation in regard to a Community Superintendent’s power to transfer nontenured employees is reinforced by the fact that those employees may be discharged without a hearing or even the giving of specific reasons for it. (See Matter of Pinto v. Wynstra, 22 A D 2d 914.) That being so, it would be unreasonable to interpret the statute as imposing such restrictions upon the power to transfer.
Before applying this interpretation of the statute to the facts at bar, the court must consider respondent’s contention that the statute is not here involved, since the petitioners have only been ‘ ‘ temporarily assigned ” and not transferred. While respondent submits that no official notice of transfer has been given petitioners and that the telegrams all recite that petitioners were only to report for temporary duty, nowhere does he point to any statutory authority giving the Community Superintendent the power to make temporary assignments of teachers for disciplinary reasons or stating the definite period of these assignments. It is the opinion of this court that such a temporary assignment for an indefinite period constitutes a transfer within the meaning of subdivision 8 of section 2590-j of the Education Law. Moreover, to hold respondent’s action proper would be tantamount to the granting of a license to Community Superintendents to circumvent the express procedures provided in subdivisions 7 and 8 of section 2590-j of the Education Law. (Cf. Community School Bd. No. 3 of City of New York v. Branwell, N. Y. L. J., Oct. 5,1970, p. 19, col. 1.) Although respondent states that he took the action of temporarily assigning petitioners “in an attempt to remove the dissident teachers from the disorderly scene in front of I.S. 142 ” and that he acted for the good of the service, the transfers insofar as those petitioners who hold tenure are concerned were improper under the law. The applicable procedure to be followed in those circumstances, as mentioned above, is to recommend to the City Chancellor that *166 these teachers be suspended following the initiation of charges against them.
It is the opinion of the court, therefore, that the respondent has transferred petitioners Burnett, Hicks, Jones and Rollins in violation of the provisions of subdivisions 7 and 8 of section 2590-j of the Education Law. As to these petitioners, this CPLR article 78 proceeding is proper and they are entitled to the relief requested.
As to the remaining petitioners, however, the proceeding must be dismissed. Since those petitioners are nontenured employees and have not served the full and appropriate probationary period prescribed in regard to their present positions, subdivisions 7 and 8 of section 2590-j of the Education Law do not make a hearing upon charges a prerequisite to transfer. Accordingly, the fact that respondent has transferred them without initiating charges and without a hearing does not constitute a violation of their rights under the statute. Dismissal of this article 78 proceeding as to those petitioners is without prejudice, however, to any other remedies they may possess under the Education Law, Board of Education By-laws, or by contract. Furthermore, it should be noted that the court makes no determination with regard to any of the charges made or the validity of the alleged discharges of the parties involved in this proceeding.
Petitioners and respondent have stressed that their actions were impelled by proper motives. While petitioners state that they engaged in certain activities to protest the lack of security at I.S. 142 and that their position is supported by certain community groups, respondent claims his action was necessary to restore order to the school. Whether the school authorities have attempted to resolve these grave social and educational problems with wisdom and understanding is a question with which the court may not deal. The Legislature has vested the administration of the schools in the school board and the Superintendent. The court can concern itself solely with the strictly legal aspects of the controversy presented — the determination of whether the actions taken by the school authorities were within the law. It is for the parties themselves to work out a settlement of their underlying differences. The court can only hope that they will exert every effort to do so speedily and in such fashion as to bring peace to the community and to establish such conditions as will enable the school to provide a proper education to its children.
The relief requested in the petition is granted as to the petitioners Burnett, Hicks, Jones and Rollins and, as to the remaining petitioners, the proceeding is dismissed.