Edward J. Amann, Jr., J.
The claimant, Fehlhaber Corporation and Horn Construction Co., Inc., as joint venturers by a contract dated February 6, 1967, which is known and described as specification No. 20167-C, State Comptroller’s contract No. 4624, agreed to perform certain construction work known as the Cultural Center Foundation, Albany South Mall project. On or about July 1, 1971, the claimant completed its work on the project, with the exception of certain work that had been deleted by the State, and left the job. Prior to leaving the job the claimant completed a punch list of work requiring completion, which had been forwarded to it by the George A. Fuller Co., Inc., and the construction managers for the Albany South Mall project. On March 27, 1972, the claimant filed a claim against the State alleging breaches of contract by the State. The claim denominated claim No. 54855 sought damages amounting to nearly $4,400,000.
On May 26, 1971, the claimant initiated a series of correspondence requesting that its retainage be released and the State prepare and forward a final payment estimate for the work caused in the above-mentioned contract. Despite this correspondence the matter was not resolved and on December 9, 1971, the claimant wrote to Louis Tomson, counsel to the Office of General Services, reviewing the history of their unsuccessful attempt to secure a final payment estimate. The letter also advised the State that the claimant intended to file a claim in the Court of Claims. On April 4, 1974, a meeting was held with the Office of General Services, which was attended by representatives of the aforesaid office, the Department of Law, a representative of one of the State’s consultants and the claimant. At this meeting the claimant was given a copy of a tentative final estimate for the work remaining to be paid for and was handed a typed schedule entitled "Counter *376 claims”. On May 23, 1974, the State forwarded to the claimant "Proposed Final Quantities” for approval and advised them that upon receipt of an approval they would prepare the final payment certificate. On June 14, 1974, the claimant advised the State that they accepted the quantities. The final payment, however, was never made, nor was the retainage ever released.
Despite the fact that the State claimed damages for alleged breaches of contract by the claimant in the amount of $744,907.36, it did not attempt to file a counterclaim in the Court of Claims, and the entire matter was allowed to stand in limbo. Finally, on April 29, 1976, more than four years after the claim was filed and almost five years after the claimant’s work was completed, the State made a motion for permission to file and serve a counterclaim for an amount in excess of $3,000,000. This motion was made near the eve of the trial and was denied in an order dated July 19, 1976, by Judge Frank S. Rossetti of this court. The State has never appealed nor moved to reargue Judge Rossetti's decision.
The trial of this claim, which contained a claim item for the repayment of the amount of the final payment and retainage was commenced before this court on November 3, 1976. During the course of the trial the claimant made a motion for an order, severing from the claim that portion of the claim seeking final payment and retainage and for partial summary judgment against the State of New York for the afore-mentioned amount together with interest thereon, as provided by law.
As there was no counterclaim pending before the court and no dispute as to the quantities, dollar value of the work performed or the amount of the retainage, the court suggested that the State stipulate to a severance on the second cause of action. Several conferences in chambers were held and there was a lengthy discussion as to why the final estimate had not been prepared. The representatives of the Office of General Services eventually agreed to prepare the necessary final payment forms, which they accomplished by a change order. The change order was subsequently rejected, however, by the Department of Audit and Control because of the absence of a certification by the Office of General Services that the work was performed in compliance with the contract specifications. Accordingly, the State would not agree to pay the claimant his final payment and the amount of his retainage. As a result *377 of this decision, the State filed an affidavit in opposition to the claimant’s motion, with the claimant filing a reply affidavit. The motion was adjourned periodically until February 8, 1977, when it was argued. The court reserved decision and the trial of the entire claim was concluded. At the conclusion of the trial both sides agreed to a severance of the second cause of action, relating to the retainage. (Claim No. 54855.) The court agreed because it would, if the court found in favor of the claimant, permit release of the retained payments earlier than if a decision encompassing the entire claim were to be written. It would also permit the State, under such circumstances, to test the issue of whether evidence of a possible setoff or recoupment was properly excluded.
As the court has previously noted there was no issue as to either the amounts held by the State for retainage, the quantity of work performed or the price to be paid for the aforesaid work. The only question arose as to whether the State could offset the moneys held as retainage against moneys it claimed were due it as a result of the claimant’s alleged defective work. That issue appeared to be resolved when Judge Rossetti issued his order denying the State permission to file its counterclaim. However, on December 22, 1976, the Assistant Attorney-General sought to offer proof of a setoff.
The State contended that despite the fact that it was denied permission to file a counterclaim by a prior order of this court, it, nevertheless, has the right to offer proof (of the dollar amount of alleged defective work) by way of setoff or recoupment in order to defeat the claimant’s motion and to reduce the amount of any judgment awarded the claimant on the main claim. As authority for this proposition, counsel for the State cites United States v Munsey Trust Co. (332 US 234) for the proposition that: "[t]he Government has the same right 'which belongs to every creditor, to apply the unappropriated monies of his debtor, in his hands, in extinguishment of the debts due to him.’ ” This court agrees.
The State also cited Capitol Distrs. Corp. v Kent’s Rest. (173 Misc 827). This court also agrees with the statement contained therein that "[s]ince the Comptroller acts for the State in its fiscal affairs generally, and since the payment of any money under the control of the State is void unless approved by his audit (State Const. art. V, Sec. 1), it would seem that he has the right to offset any valid claim of the State against one to whom money under his control is due from the State.” The *378 State also relies on Williams Press v State of New York (45 AD2d 397, revd on other grounds 37 NY2d 434). In Williams Press the Appellate Division (p 403) discussed United States v Munsey Trust Co. and Capitol Distrs. Corp. v Kent’s Rest. (supra) stating that: "[t]he Comptroller has been authorized by the Legislature to 'examine, audit and settle the accounts of all public officers and other persons indebted to the state, and certify the amount and balance due thereon.’ ” (State Finance Law, § 8, subd 3.) This power insures that the State does not have to pay amounts which were disputed.
In denying the State permission to offer evidence concerning what it has denominated setoff or recoupment, the court in no way abrogates the rule of law enunciated in Williams Press or the cases cited therein. This court, however, believes that the rule merely provides that the State may utilize the procedure of setoff or recoupment by means of a counterclaim..
A setoff is technically a claim which is connected with a claimant’s cause of action; whereas a recoupment arises out of the same transaction as did the claimant’s cause of action. (See, generally, Otto v Lincoln Sav. Bank of Brooklyn, 268 App Div 400, affd 294 NY 798; Seibert v Dunn, 216 NY 237, 241; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3019.02, ns 9, 10.) Both may be asserted as a counterclaim. The court, therefore, rejected the offer of proof indicating that a setoff or recoupment was not separate and distinct from a counterclaim and that, therefore, the order of Judge Rossetti controlled. It further noted that to permit such evidence to be introduced would be to overrule Judge Rossetti. It also pointed out the prejudice that would result to the claimant if the offer of proof was accepted.
Accordingly, no evidence was introduced to rebut the claimant’s evidence that it was entitled to payment of the retain-age.* That being the case, the court finds that the claimant is entitled to the full amount of the retainage or $337,191.21. The court reserves decision on the question of interest on the award. It will be determined together with the main claim.
The clerk of the Court of Claims, therefore, is directed to enter judgment in favor of the claimant Fehlhaber Corpora *379 tian and Horn Construction Co., Inc., against the State of New York, in the sum of $337,191.21, without interest.

 Other evidence introduced to show that the claimant was guilty of defective workmanship, thereby attempting to rebut the claimant’s counterclaim that the State’s delay was the sole cause of its damages, is incompetent on the issue presently before the court, because all such work was corrected and therefore could not form part of the counterclaim or setoff.