■ In the Matter of HARRIET MISHKOFF, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent, and BOARD OF EDUCATION OF THE SCARSDALE UNION FREE SCHOOL DISTRICT, Intervenor-Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered September 16, 1976 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the respondent Commissioner of Education. Petitioner was granted tenure as an elementary grades teacher in 1970. She continued service as a first grade classroom teacher until February of 1974 when she was allowed a leave of absence for the remainder of the school year. Upon her return for the 1974–1975 school year she was engaged as an "assisting teacher" for the first two grade classes and worked with individual pupils in small groups under the general direction of two regular classroom teachers. For the academic year 1975–1976 she was assigned as a "floating teacher" in grades one through five to replace any elementary classroom teacher within the district who might be absent and, when no teacher was absent, she was to perform classroom teaching activities at the fourth grade level in a particular district facility. Contending that this assignment was outside the area of her tenure and, since it was without her consent, illegal (see Education Law, § 3012-a; 8 NYCRR Part 30), petitioner appealed to the respondent Commissioner of Education; commenced the instant article 78 proceeding to annul his adverse ruling; and now repeats those arguments on this appeal from the judgment dismissing her petition. It is undisputed that petitioner's assignment involves full-time instructional duties in elementary classrooms without any diminution in pay or benefits. However, she characterizes these responsibilities as being those of a "substitute teacher" who can never gain tenure and reasons that such an assignment must, therefore, fall beyond the proper area in which she already possesses tenure. Accepting petitioner's characterization and related premise as true, her conclusion lacks persuasiveness both in logic and as a legal

proposition. The issue is whether this tenured elementary teacher may properly be designated to fulfill certain duties and the fact that a substitute teacher who undertook the very same tasks might never attain tenure in the first place is irrelevant to the question presented. We agree with Special Term that our decision in *Matter of Van Heusen v Board of Educ.* (26 AD2d 721) governs the disposition of this proceeding. Although in that case an assignment to supervise study hall was challenged as violative of tenure rights acquired in the specific subject of mathematics, later developments concerning "vertical" and "horizontal" tenure areas (see, e.g., *Steele v Board of Educ.,* 40 NY2d 456; *Matter of Baer v Nyquist,* 34 NY2d 291) left undisturbed our basic holding that such a commission did not infringe on the tenure rights of a secondary school teacher. The proper standard for our review of the commissioner's actions may now be changed slightly (compare L 1976, ch 857, with *Matter of Baer v Nyquist, supra,* p 298), but we fail to perceive anything arbitrary or inconsistent in a determination which affirms a decision assigning a tenured elementary teacher to classroom instructional duties within appropriate grade levels on a full-time basis. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.