■ FEHLHABER CORPORATION et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 54855.)—Appeal from an order of the Court of Claims, entered April 13, 1977, which granted claimants' motion for partial summary judgment. On February 6, 1967, claimants, as joint venturers, entered into a contract with the State for the construction of the Cultural Center Foundation at the South Mall in Albany, New York. The contract was terminated "not for cause" by the State as of July 1, 1971, and, thereafter, on March 27, 1972, claimants filed a claim against the State for its alleged breaches of the contract as well as for the final payment and retainage thereunder. Following extensive negotiations, the State, on May 23, 1974, presented "Proposed Final Quantities" to the claimants and advised that upon approval by the claimants payment would be made. Even though the claimants promptly approved the proposed quantities, neither the final payment nor the retainage was ever paid to them. Then approximately two years later and four years after the filing of the claim, the State moved, shortly before trial on April 29, 1976, for permission to file a counterclaim, a portion of which totaling $744,907.36 was for alleged breaches by claimants of the contract in question. The Court of Claims denied the State's request because of its unjustified laches in making said motion. No appeal was taken from this order, and the claim then came on for trial. At the close of the trial, claimants' motion for severance of the final payment and retainage claims and for summary judgment thereon was granted. This appeal followed. Upon our review of the record in this case, we hold that the order of the Court of Claims must be reversed and a new trial ordered. Whenever there is an appeal from a final order or judgment, it is clear that the appellate court involved may review any nonfinal order which necessarily affects the final judgment or order provided that said nonfinal order has not been previously reviewed by the appellate court (CPLR 5501, subd [a], par 1;

Court of Claims Act, § 24). Such being the case, we may in the present instance review the order denying the State's motion for permission to file a counterclaim, and in so doing, we have concluded that the subject denial of the motion constituted an improvident exercise of the court's discretion. Pursuant to the Rules of Practice of the Court of Claims, a counterclaim should be filed "within 40 days after the service of the claim upon the Attorney-General, or within such time as may be ordered by the court, upon notice to the claimant's attorney" (22 NYCRR 1200.15). Measured by this standard, the State's filing of its counterclaim was without question untimely, and such departures from established procedures designed to expedite the functioning of the judicial system should not be condoned or lightly excused. Nonetheless, in the peculiar circumstances presented here, we find that the late filing should have been permitted. Not only does it appear that claimants had at least some notice of the proposed counterclaim as early as April 4, 1974 when, together with a tentative final estimate on the contract in question, they were given a typed schedule entitled "Counterclaims", but also, even conceding some further delay in the ultimate resolution of this dispute, it has not been shown that claimants would be unduly prejudiced should the counterclaim be allowed. Moreover, this result permits the various related and competing claims of the opposing parties to be settled at one time and in one forum* and, thus, serves the interests of justice and judicial economy. Accordingly, this matter must be remitted for a new trial of all the issues, including the State's counterclaim. Order reversed, on the law and the facts, without costs, and a new trial ordered. Mahoney, P. J., Sweeney, Kane, Main and Larkin, JJ., concur. [90 Misc 2d 374.]

---

* The State has apparently commenced an action in Supreme Court against claimants wherein it seeks damages upon the same allegations which form the basis of its proposed counterclaim.