In the Matter of BOARD OF EDUCATION OF THE THREE VILLAGE CENTRAL SCHOOLS OF THE TOWNS OF BROOKHAVEN AND SMITHTOWN, Appellant, v GORDAN M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, December 31, 1981

APPEARANCES OF COUNSEL

*Pelletreau & Pelletreau (Vanessa M. Sheehan* of counsel), for appellant.

*Robert D. Stone (Frederick W. Burgess* and *Jean M. Coon* of counsel), for Gordon M. Ambach, respondent.

*James R. Sandner (Janis Levart Barquist* of counsel), for Mary Jane Leichner, respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

Because of her excessive and repeated absences, the Board of Education of the Three Village Central Schools (herein the board) charged respondent Mary Jane Leichner, a tenured teacher, with inefficiency and incompetency and sought to dismiss her. In October, 1978, a hearing panel found her guilty of the charges and, operating on the faulty assumption that the sick leave provision of the collective bargaining agreement entered into between the teachers' association and the board barred terminating her, directed that, for one year, she report to school every day for assignment as a daily or permanent substitute or a regular classroom teacher and that she be terminated if, within five days of any absence, she did not furnish the school with a letter from her physician. The board appealed to the commissioner to have the panel's determination set aside and to end Leichner's services. While this appeal was pending, Leichner complied with the panel's mandate for the 1978-1979 school year. During this period she served only as a daily substitute teacher and performed duties other than she was accustomed to perform, but not unlike those customarily assigned to substitute teachers.

Thereafter, on July 31, 1979, the commissioner vacated the panel's determination and authorized the board to suspend Leichner for one year. Leichner then brought a CPLR article 78 proceeding to have the commissioner's decision annulled. By decision dated January 24, 1980, Special Term directed that the question of the matter of the penalty assessed be remanded to the commissioner on the ground that a dual penalty had been imposed in contravention of section 3020-a of the Education Law. An appropriate order on Special Term's decision was entered April 3, 1980.

Upon remand, and by decision dated July 30, 1980, the commissioner, though questioning the premise that suspension constituted a second penalty, concluded that Special Term's decision bound him to revise his earlier determination and he, therefore, dismissed the board's appeal. The board then commenced this CPLR article 78 proceed-

ing claiming that the commissioner's second decision was erroneous. On March 25, 1981 Special Term dismissed the petition and confirmed the commissioner's reconsidered decision. This appeal ensued.

■ A threshold concern is whether, as respondent suggests, this court is foreclosed from reviewing the April 3, 1980 order, which remanded the penalty issue to the commissioner for redetermination. We may review any previously unreviewed nonfinal order which necessarily affects a final judgment or order being appealed *(Fehlhaber Corp. v State of New York,* 63 AD2d 1038). Whether an order in a CPLR article 78 proceeding which, as here, remands a matter to an administrative agency is nonfinal for purposes of CPLR 5501, and thus subject to being brought up for later review, apparently has not been expressly decided. However, courts have studied whether an order is nonfinal under CPLR 5701, and inasmuch as these two sections are similar, at least to the extent that both deal with the finality of orders, the reasoning employed in construing CPLR 5701 should apply with equal force to CPLR 5501. Under CPLR 5701 an order is nonfinal if the further action mandated is not purely ministerial in nature *(Matter of Pelaez v Waterfront Comm. of N. Y. Harbor,* 48 NY2d 1021; *Matter of Mid-Island Hosp. v Wyman,* 15 NY2d 374; *Matter of Schreck v Wyman,* 39 AD2d 809). In remanding to the commissioner in the present case, Special Term indicated that with respect to the matter of the penalty "the court will not substitute its judgment but remands the question to the commissioner for his redetermination consistent herewith." Performance of a ministerial act was not being directed, but instead Special Term was plainly deferring to the commissioner's judgment respecting reconsideration of the penalty. Hence, the April 3, 1980 order was nonfinal. Clearly, this order necessarily affected the final order being appealed since it formed the basis for the commissioner's second decision. Since we did not previously review that order, all of CPLR 5501's requirements are met and we are at liberty to review it now.

■ The substantive issue presented relates to whether Special Term correctly decided that the commissioner's

first decision, calling for Leichner's suspension in addition to the reassignment of her duties, improperly inflicted a dual penalty upon her. Subdivision 4 of section 3020-a of the Education Law provides four penalties by which a school board can implement a hearing panel's recommendations as to punishment if such is warranted. Those penalties are a reprimand, fine, suspension for a fixed time without pay, or dismissal. More than one of the enumerated penalties cannot be prescribed *(Matter of Adrian v Board of Educ. of East Ramapo Cent. School Dist.,* 60 AD2d 840).

Leichner's assignment to substitute duty, although taken in response to her frequent absences, was well within the discretionary power of the board to vary teaching assignments (see *Matter of Mishkoff v Nyquist,* 57 AD2d 649; *Matter of Van Heusen v Board of Educ. of City School Dist. of City of Schenectady,* 26 AD2d 721). For purposes of the prohibition against dual penalties, it was not a penalty. Obviously, it was not a suspension or dismissal. Nor was it a fine, for the teacher experienced no reduction in salary, seniority or benefits. Special Term noted the allegation that she had "suffered a form of public disgrace on being 'demoted'" and apparently concluded that this was the equivalent of a "reprimand". While the board's action in assigning her to substitute status comes within the literal meaning of a reprimand, that term, as used in section 3020-a, has a narrower and formal definition *(Holt v Board of Educ. of Webutuck Cent. School Dist.,* 52 NY2d 625). In our view, it was not intended to encompass an administrative reassignment, but rather contemplates a formal reproof issued by the board which becomes part of the teacher's permanent record. A formal statement was not issued, hence no statutory reprimand occurred. To hold otherwise would fetter the discretionary power of a school board to alter teaching assignments, a result long eschewed *(Matter of Van Heusen v Board of Educ. of City School Dist. of City of Schenectady, supra).*

On the surface, it may appear unfair that Leichner should undergo both reassignment and a suspension. However, when one considers that a hearing panel unanimously found her guilty not of some inconsequential in-

fraction, but of misconduct, and that the panel's recommendation, as carried out by the board, was neither a statutorily recognized penalty nor an intrusion upon her rights as a tenured teacher, it follows that she in fact endured no cognizable penalty until her suspension, which was the first and only penalty imposed.

The judgment should be reversed, on the law, without costs, the petition granted, the decision of the Commissioner of Education dated July 30, 1980 annulled, and the commissioner's decision dated July 31, 1979 authorizing respondent Leichner's suspension for a period of one year reinstated.

SWEENEY, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Judgment reversed, on the law, without costs, petition granted, decision of Commissioner of Education dated July 30, 1980 annulled, and commissioner's decision dated July 31, 1979 authorizing respondent Leichner's suspension for a period of one year reinstated.