OPINION OF THE COURT
Meyer, J.
The refusal by a tenured teacher to accept assignment in his or her tenure area but in a different school than that in which previously employed, or during suspension from duty pending a disciplinary hearing to perform the duties of the staff position to which he or she is assigned, constituted insubordination warranting dismissal. In Adlerstein there should, therefore, be an affirmance, with costs, of the Appellate Division order denying petitioner’s motion for renewal, and in Radoff there should be an affirmance, with costs, of the Appellate Division judgment confirming the determination of the Board of Education dismissing petitioner from his position.
I
In Adlerstein, petitioner was the most senior teacher in the Art Department of New Utrecht High School in Brooklyn, having taught in that position for approximately 20 years. On October 3, 1979, he was suspended, effective September 27, 1979, upon charges that he was unable to render adequate classroom instruction or to maintain a classroom environment conducive to learning, that he failed to maintain adequate records and that he had demonstrated a disregard for authority. Petitioner was directed to report to the Superintendent of Brooklyn High Schools for reassignment and was assigned to, but never reported for, work in the office of the Executive Director of the Division of High Schools.
The hearing panel sustained 5 of the 13 specifications, but deemed the charges sustained insufficient to warrant dismissal. It recommended, however, that petitioner be assigned to a different school in view of the apparent conflict with the New Utrecht principal. The Board restored petitioner to classroom teaching, effective November 24, 1980, but at Susan Wagner High School on Staten Island rather than New Utrecht. It also appealed the panel’s decision to the Commissioner of Education.
Petitioner refused to report to Susan Wagner High School, demanded that he be returned to his former position and, when that demand was not met, began the article 78 proceeding out of which this appeal arises, seeking reinstatement to that position, back pay and pension contributions. While that action was pending the Commissioner, on November 17, 1981, decided the appeal. Concluding that petitioner’s classroom performance was *97 seriously deficient, he authorized the Board either to suspend petitioner without pay for up to one semester or impose a fine of up to $5,000. The Board then suspended petitioner for one semester, effective February 1, 1982. That suspension is not before us on this appeal.
By decision dated December 7,1981, Special Term denied the article 78 petition without prejudice to renewal after exhaustion of administrative remedies. On April 6, 1982, however, it granted renewal and, concluding that petitioner had waived his right to utilize the contract grievance procedure but that the Commissioner’s determination did not take into consideration petitioner’s request for interim relief, awarded him back pay for the period September 27,1979 to November 17,1981, inclusive.
On the Board’s appeal to the Appellate Division, that court reversed. It held that both the assignment to the office of the Director of High Schools and the assignment to Susan Wagner High School were within the power of the Board and that petitioner’s failure timely to utilize the contract grievance procedure and failure to file a notice of claim as required by section 3813 of the Education Law barred petitioner’s right to redress for the period awarded. Petitioner appeals to this court pursuant to CPLR 5601 (subd [a], par [ii]).
Petitioner Radoff, a tenured social studies teacher at Bronx High School of Science for 18 years, was suspended on May 9, 1980. Pending hearing on the charges involved, he was directed to report to the Board’s personnel office and by it was assigned specific tasks, first in the Bureau of Science, then in the Curriculum Division and then in the Industrial Arts office. A hearing panel ultimately found him guilty of several of the charges for which he was suspended and recommended a one-year suspension. While the original charges were pending, however, a second set was filed predicated on Radoff’s failure to report to the Board office for a period of approximately nine months and his refusal to complete assigned tasks. On the second set of charges the hearing panel found petitioner guilty and recommended dismissal. The Board dismissed petitioner and he then began the instant article 78 proceeding to annul the determination and obtain reinstatement to his former position. The petition having been referred to the Appellate Division pursuant to CPLR 7804 (subd [g]), that court, citing the decision in Adler-stein and finding the determination supported by substantial evidence and the penalty not excessive, confirmed the determination and dismissed the petition. The appeal is before us by our leave (62 NY2d 604).
*98 The issue common to the two appeals is whether the Board, of Education may require a suspended teacher to perform non-teaching assignments. Adlerstein also involves the Board’s power to transfer a teacher from one school to another after reinstatement at the conclusion of a disciplinary proceeding. Petitioners argue that the power to suspend from a tenured teaching position does not encompass the power to assign to any other tasks during suspension. Adlerstein argues also that his reassignment to Susan Wagner High School was penal in nature and not an authorized form of discipline. In both cases we affirm.[1]
II
It is now well settled that except as authorized by a collective bargaining agreement or by express statutory authorization the pay of a teacher suspended pursuant to subdivision 2 of section 3020-a of the Education Law pending hearing and determination of disciplinary charges may not be withheld and that the reference in subdivision 4 of that section to reinstatement of an acquitted employee “with full pay for any period of suspension” is too oblique to constitute such an authorization (Matter of Jerry v Board of Educ., 35 NY2d 534; Matter of Board of Educ. v Nyquist, 48 NY2d 97). And although Matter of Jerry made clear that the Legislature was free to grant specifically defined authority to withhold compensation during suspension (35 NY2d, at p 543), there has been no amendment to that effect in the intervening years.
Starting from that premise petitioners conclude that though they must be paid during suspension they cannot be assigned during suspension to Board headquarters work because such an assignment is inconsistent with the meaning of the word “suspension”, because such an assignment is penal in nature and because a tenured teacher may not be assigned outside his or her tenure area without his or her consent (Matter of Bornstein, 17 Ed Dept Rep 236). We disagree.
*99 As defined in Black’s Law Dictionary (5th ed, p 1297), “suspend” means “to interrupt; to cause to cease for a time * * * As a form of censure or discipline, to forbid a public officer, attorney, employee * * * from performing his duties or exercising his function for a more or less definite interval of time.” The argument overlooks that what subdivision 2 of section 3020-a of the Education Law authorizes is suspension “pending a hearing on the charges and the final determination thereof”, which is neither censure nor discipline but “for the protection of the pupils in certain circumstances, for the protection of the teacher in other circumstances, and in many situations for the promotion of the best interests of the public” (Matter of Jerry v Board of Educ., 35 NY2d, at p 541, supra). Nothing in the statutory language or in the Black’s definition necessarily implies that an employee suspended from performing his duties but being paid his salary may not be asked to perform other duties or functions.
For like reason, no penalty is involved in a predetermination suspension. The concept that it may be turns on the in terrorem suggestion that a Board may order a suspended teacher “to attend a job function, no matter how undignified, menial or disparate from his tenure area” (Adlerstein brief, p 20). That has not been shown to have happened here and, indeed, as the tenure discussion below makes clear, could not happen.
The legislative purpose behind the tenure statutes is “to attract qualified persons to teaching and to provide job protection to teachers who have given years of satisfactory service” (Matter of Baer v Nyquist, 34 NY2d 291, 295), “ ‘to give security to competent members of the educational system in the positions to which they have been appointed’ ” (Matter of Boyd v Collins, 11 NY2d 228, 233). That purpose can hardly be said to be frustrated by the temporary assignment, pending determination whether the teacher has demonstrated incompetence or rendered unsatisfactory service, to tasks which, though nonteaching, bear a reasonable relationship to the normal obligations of teachers. Tenure may relate to a special area, a general area, or be vertical or horizontal in reach (Steele v Board of Educ., 40 NY2d 456; Matter of Baer v Nyquist, 34 NY2d 291, supra). Without pausing to parse the distinctions in the various forms of tenure, we note that the concept does not entitle a teacher to a specific class or proscribe assignment to proper duties of a teacher other than classroom teaching of a specific subject. Thus, in situations not involving a teacher suspended pending disciplinary proceedings, assignment as a “ ‘floating teacher’ in *100 grades one through five” has been upheld (Matter of Mishkoff, 57 AD2d 649; Matter of Middleton, 16 Ed Dept Rep 368) as has assignment to study hall, library and lunch room supervision (Matter of Van Heusen v Board of Educ., 26 AD2d 721; Matter of Garry, 19 Ed Dept Rep 359; Matter of Middleton, supra), and supervision in the school yard (Matter of v Fisch, 17 Ed Dept Rep 64). And although all of those cases involved either teaching or supervision of pupils in a school milieu, a teacher under suspension pending disciplinary proceedings has been held subject to reassignment during suspension to nonteacher supervisory school duties (Matter of Union Free School Dist. No. 10 v Miller, Supreme Ct, Suffolk County, Jan. 11, 1982, Index 80-2519), to assignment to the office of the Superintendent of Manhattan High Schools (Matter of MacDonald, 22 Ed Dept Rep 146), and to perform “other appropriate duties” (Matter of Community School Bd. No. 30 [Satz], interim order of Comr of Educ, May 14,1982). Bailey v McDougall (66 Misc 2d 161, affd 36 AD2d 903) is not to the contrary, for it held only that a temporary assignment of tenured teachers to a different school within a community school district was a “transfer” within the meaning of section 2590-j of the Education Law, which authorized transfer as disciplinary action (and for other inapplicable reasons) and, therefore, could only be accomplished after disciplinary proceedings had been begun by suspension.
Bearing in mind the relatively limited period of a suspension pending completion of disciplinary proceedings; the fact that the charges out of which suspension arises in some cases will counterindicate assignment of the suspended teacher to tasks involving pupil supervision; the financial burden upon the school district of having to pay both the suspended teacher and the substitute hired to replace him or her, and the chilling effect on otherwise appropriate disciplinary proceedings that would arise from such a burden; and the fact that the rationale of Matter of Jerry (supra) was not his or her release from all service but the protection of a suspended teacher from impoverishment during the period of suspension, we conclude that nonteaching assignment at district headquarters, or in other school or district offices, which bears reasonable relationship to the suspended teacher’s competence and training and is consistent wi th the dignity of the profession, is permissible. In the context of the cases under review, Radoff was properly dismissed for failure to perform the tasks to which assigned during suspension and for the same reason Adlerstein was not entitled to recover back pay for the period September 27, 1979 through November 24,1980.
*101 Ill
There remains for consideration the question of Adler-stein’s back pay claim for the period November 25,1980 through November 17, 1981, which turns on whether he was entitled after the Board Panel decision reinstating him to return to his former teaching position at New Utrecht High School. He was not.
While we note that subdivision 8 of section 2590-j of the Education Law relating to community school districts, contains express provision for transfer of teachers within the school district as a matter of disciplinary action, and that subdivision 4 of section 3020-a prescribes as punishment only “a reprimand, a fine, a suspension for a fixed time without pay or dismissal”, we attach no significance to that fact in the context of Adierstein’s claim because subdivision 6 of section 2566, applicable to the Board of Education of the City of New York (§ 2550), authorizes the superintendent of schools of a city, expressly and without limitation, “to transfer teachers from one school to another”.[2] That power has been held to be absolute in the absence of contractual provision otherwise or of malice, bad faith, gross error or prejudice (Matter ofLefkowitch v Nyquist, 29 Misc 2d 14; Matter of McLernon, 16 Ed Dept Rep 13, 14; Matter ofWoicik, 2 Ed Dept Rep 171; see Matter of Board of Educ. v Ambach, 84 AD2d 55, 58, revd on other grounds 56 NY2d 792).
Petitioner Adlerstein calls our attention to no applicable contract provision but argues that his transfer from New Utrecht High School in Brooklyn to Susan Wagner High School on Staten Island violated sections 2510 and 2585 of the Education Law, in that his services at New Utrecht were discontinued although his former position was not abolished, that it was intended as a penalty and that it requires him to travel for two hours each way between his home in Queens and Staten Island. He could, however, be transferred pursuant to subdivision 6 of section 2566 of the Education Law even though his position at his former school was not abolished. Moreover, petitioner has submitted no evidence suggesting that his transfer was in bad faith or arbitrary. To the contrary, the hearing panel that heard the charges against him recommended that he be reinstated “but with the profound hope that the Board of Education will be able to assign [him] to another building” and with the notation that to keep him “in the same building, where he would again be under Principal Russo, would be a mistake.”
*102 The only other argument advanced against petitioner’s reassignment to Susan Wagner High School is that subdivision 4 of section 3020-a of the Education Law mandated that “[i]f the employee is acquitted he shall be restored to his position with full pay for any period of suspension and the charges expunged from his record.” Aside from the fact that petitioner was not acquitted, the subdivision does not specify that he must be returned to the same position in the same building from which he was suspended, but only that he be restored to his position as an art teacher, subject, as he was before suspension, to transfer by the superintendent to any other school within the district.
For the foregoing reasons, the order of the Appellate Division in Matter of Adlerstein should be affirmed, with costs, and in Matter ofRadoff the judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and Kaye concur.
Matter of Adlerstein v Board of Educ.: Order affirmed, with costs.
Matter ofRadoff v Board of Educ.: Judgment affirmed, with costs.

. In Adlerstein, the Board argues that the proceeding is barred by petitioner’s failure to exhaust contract grievance procedures or file a notice of claim as required by section 3813 of the Education Law. In view of our conclusion with respect to petitioner’s arguments, we need not reach those questions. In Radoff, petitioner argues that the contract between the Board and the United Federation of Teachers permitted assignment to district offices or central headquarters only on a voluntary basis, that there was not substantial evidence to sustain the charges and that the penalty of dismissal v/as excessive. We do not reach the first contract issue because the argument was not made to the courts below and the contract is not part of the record. The other two arguments we have considered and find to be without merit.

. The powers granted the superintendent by section 2566 are “subject to the by-laws of the board of education,” but petitioner has not referred as to any applicable by-law.