■ In the Matter of CAROL A. KUBISA, Respondent, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Appellants.—Casey, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered August 28, 1986 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education denying petitioner's request that she be paid one day's salary for the day she attended a disciplinary hearing.

At issue on this appeal is whether it was irrational for respondent Commissioner of Education to determine that petitioner, a tenured teacher who requested a hearing pursuant to Education Law § 3020-a on charges brought against her by her building principal, was not entitled to be paid for the day she was absent from work to attend the hearing. Supreme Court held that the Commissioner's determination was irrational and directed respondent Board of Education of the Maine-Endwell Central School District (hereinafter the Board) to pay one day's salary to petitioner for the day she was absent to attend the hearing. This appeal by the Commissioner and the Board ensued. We affirm Supreme Court's judgment.

The Commissioner concluded that any right that petitioner might have to receive her salary while absent from her assigned duties in order to attend the disciplinary hearing must be based upon either a statutory or contractual provision. Since the relevant collective bargaining agreement contains no provision concerning leave for attending disciplinary hearings, the parties have focused their attention on Education Law § 3020-a, entitled "Hearing procedures and penalties". The Commissioner concluded that since the statute contained no express provision for paid leave while attending a disciplinary hearing, petitioner was not entitled to be paid for the day she was absent. On this appeal, the Commissioner maintains that the statute is, at most, ambiguous and, therefore, the courts must defer to his reasonable interpretation of

the statute *(see, Matter of Schweiss v Ambach,* 98 AD2d 148, *affd* 63 NY2d 835).

In *Matter of Jerry v Board of Educ.* (35 NY2d 534), the Court of Appeals held that a board of education could not withhold the compensation of a tenured teacher during the period of suspension authorized by Education Law § 3020-a. Since petitioner was not suspended, the Commissioner concluded that the holding in *Jerry* had no bearing on this case. We disagree. In *Jerry,* the court found that a teacher's right to compensation was such that "it cannot be taken away from him [or her] except pursuant to explicit statutory authorization" *(supra,* at 541-542), thereby casting considerable doubt on the Commissioner's contrasting analysis herein which required explicit statutory authorization for continued compensation. It is also significant that the court in *Jerry* found a substantive right to compensation during the period of suspension despite the absence of any specific provision therefor in the statute. Thus, we find little force in the Commissioner's argument that in view of the absence of any specific provision in the statute for compensation while a teacher attends a disciplinary hearing, the statute must be literally construed as not providing for such compensation. But most compelling is that, pursuant to the Court of Appeals interpretation of Education Law § 3020-a in *Jerry,* a suspended teacher must be paid while attending a disciplinary hearing, and we find it irrational to interpret the same statute as authorizing harsher treatment for a teacher who has not been suspended (presumably because the charges are not so grave as to justify suspension). The case of *Matter of Adlerstein v Board of Educ.* (64 NY2d 90), which held that a suspended tenured teacher can be required to perform nonteaching assignments, does not, as the Commissioner claims, support the challenged determination. Accordingly, we agree with Supreme Court that the Commissioner's determination must be annulled.

Judgment affirmed, with costs. Main, J. P., Casey and Weiss, JJ., concur.

Yesawich, Jr., and Levine, JJ., dissent and vote to reverse in a memorandum by Levine, J. Levine, J. (dissenting). We respectfully disagree with the majority's reading of *Matter of Jerry v Board of Educ.* (35 NY2d 534) to mandate that a teacher who has not been suspended pending a hearing of disciplinary charges under Education Law § 3020-a be paid for absences while attending the hearing. *Jerry,* in our view, deals exclusively with the statutory authority of a school board under Education Law § 3020-a to impose sanctions for a

tenured teacher's misconduct while a hearing on the charges is pending and unresolved. The Court of Appeals held that since compensation is a "matter of such substantive right on the part of the teacher", the right to forfeit compensation, in addition to the express right to suspend, must also be explicit before such an additional sanction may be imposed *(supra,* at 541-542).

Here, however, the Board determined not to impose the preliminary sanction of suspension nor indeed any sanction upon petitioner pending the hearing. Petitioner was not docked salary because of the filing of disciplinary charges against her, but because of her absence from school on a date when apparently she was otherwise legally obligated to perform her teaching duties. It appears to us self-evident that unless a particular absence from a duly scheduled school session is authorized *with pay* by statute or collective bargaining agreement, a teacher's absence, no matter how bona fide or personally compelling the reason therefor, justifies a school board in deducting the appropriate amount from the absent teacher's salary. That is why paid leave time is considered a term and condition of employment of teachers for collective bargaining purposes *(see,* Civil Service Law § 204; *Syracuse Teachers Assn. v Board of Educ.,* 42 AD2d 73, 76, *affd* 35 NY2d 743). Moreover, the Education Law contains certain express provisions mandating or authorizing certain kinds of paid or unpaid leaves of absence *(see,* Education Law §§ 3005, 3005-a, 3005-b), none of which is applicable to petitioner's claim here. The inclusion in the law of these specific instances of leaves of absence is inconsistent with any general legal right of a teacher to compensation during absences unless there is specific statutory authority for the deduction, as the majority interprets *Jerry (see,* McKinney's Cons Laws of NY, Book 1, Statutes § 240).

There being no specific statutory or contractual right of petitioner to be paid for an absence while attending a hearing held pursuant to Education Law § 3020-a, it was entirely rational for the Commissioner to conclude that petitioner had no greater right to her salary in that case than she would have had for being absent while participating in any other litigation in which she was a party. The hearing itself was initiated at petitioner's request (Education Law § 3020-a [2]). Support for the reasonableness of the Commissioner's ruling can be found in the State Civil Service regulations, under which a State employee is granted paid leave for absences necessitated by jury service or appearance as a witness, pursu-

ant to subpoena, before a court or body, but not when the absence is "occasioned by such an appearance *as a party"* (4 NYCRR 28-1.9 [emphasis supplied]).

The incongruity alluded to by the majority, that petitioner, if she had been suspended, would have received her salary while attending the hearing, is more apparent than real. If petitioner had been suspended from her teaching duties under Education Law § 3020-a, she could have been required to accept and attend other nonteaching assignments *(see, Matter of Adlerstein v Board of Educ.,* 64 NY2d 90, 100). In such an event, petitioner's absence from the nonteaching assignment in order to be present at the hearing pursuant to Education Law § 3020-a would equally have justified the appropriate deduction from her salary.

For the foregoing reasons, we would reverse Supreme Court's judgment and confirm the Commissioner's determination.