■ In the Matter of DAVID C. TAYLOR, Appellant, v HAMMONDSPORT CENTRAL SCHOOL DISTRICT, Respondent. [700 NYS2d 353] —Judgment unanimously affirmed without costs. Memorandum: Petitioner, a high school science teacher, commenced this CPLR article 78 proceeding seeking judgment compelling respondent to restore him to his teaching assignment and compensating him for emotional distress he has endured as the result of respondent's action in assigning him to nonteaching duties. The assignment to nonteaching duties was made following the completion of disciplinary proceedings conducted pursuant to Education Law § 3020-a. Upon finding petitioner guilty of portions of two charges, the Hearing Officer imposed a $1,000 fine as a penalty. No remedial action was imposed by the Hearing Officer (*see*, Education Law § 3020-a [4] [a]). Petitioner contends that his assignment to nonteaching duties constitutes the imposition of a further penalty or remedial action in violation of Education Law § 3020-a.

Supreme Court properly dismissed the petition on the ground that petitioner had no clear legal right to the relief sought

against respondent, and thus that mandamus does not lie to compel respondent to restore petitioner to his teaching assignment (*see, Matter of Card v Siragusa,* 214 AD2d 1022, 1023). Education Law § 3020-a neither limits the authority of respondent to assign petitioner to nonteaching duties nor requires respondent to restore petitioner to his teaching duties following the completion of disciplinary procedures conducted pursuant to the statute (*see, Matter of Alderstein v Board of Educ.,* 64 NY2d 90, 101-102).

The court erred, however, in rejecting respondent's further contention that the petition should be dismissed based on petitioner's failure to comply with the provisions of Education Law § 3813 (1) (*see, Matter of McClellan v Alexander Cent. School Bd. of Educ.,* 201 AD2d 898, 898-899). "The notice of claim required under Education Law § 3813 (1) is a statutory condition precedent to bringing an action or proceeding against a school district or a board of education (*Matter of Board of Educ. v Nyquist,* 48 NY2d 97)" (*Spedding v Bowman,* 152 AD2d 971, 972). Because petitioner seeks vindication of private rights, he is not exempt from the notice of claim requirement (*see, Matter of McClellan v Alexander Cent. School Bd. of Educ., supra,* at 899; *Matter of Jackson v Board of Educ.,* 194 AD2d 901, 903, *lv denied* 82 NY2d 657; *Sephton v Board of Educ.,* 99 AD2d 509, 510, *lv denied* 62 NY2d 605). (Appeal from Judgment of Supreme Court, Steuben County, Bradstreet, J.— CPLR art 78.) Present—Green, J. P., Lawton, Wisner, Scudder and Balio, JJ.