In the Matter of MARC EINSOHN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [900 NYS2d 295]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about March 18, 2009, which denied the petition seeking, inter alia, to reinstate petitioner to his former position as Assistant Principal of Foreign Language at Francis Lewis High School, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

While disciplinary charges were pending against him, petitioner was excessed from his position as an assistant principal and assigned to a regional operations center. Two of the charges against him were sustained after a hearing pursuant to Education Law § 3020-a. Thereafter, a vacancy was posted for the position from which he was excessed.

Since petitioner was not acquitted of all of the charges against him, he is not entitled to automatic reinstatement to his prior position (*see Matter of Adlerstein v Board of Educ. of City of N.Y.*, 64 NY2d 90, 102 [1984]; *Matter of Taylor v Hammondsport*

*Cent. School Dist.*, 267 AD2d 987 [1999]). Furthermore, the provision of the collective bargaining agreement relied upon by petitioner is applicable only to an intermediate supervisor assigned to a school. During the pendency of the charges, petitioner was not an intermediate supervisor assigned to a school, and accordingly, he may not claim priority over others for the position at his former school. There is also no evidence that petitioner applied to fill the vacancy and was rejected.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30615(U).]**