Matter of Zeimer v City Sch. Dist. of the City of N.Y. (2020 NY Slip Op 06476)





Matter of Zeimer v City Sch. Dist. of the City of N.Y.


2020 NY Slip Op 06476


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 453215/17, 152337/18 Appeal No. 12337-12338 Case No. 2019-5274, 2019-5277 

[*1]In the Matter of Nadav Zeimer, Petitioners-Appellant,
v
The City School District of the City of New York, et al., Respondents-Respondents.
In the Matter of The City School District of the City of New York, et al., Petitioners-Respondents,
v
Nadav Zeimer, Respondent-Appellant.


Glass Harlow & Hogrogian LLP, Pearl River (Jordan F. Harlow of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Shlomo Hagler, J.), entered April 25, 2019, which granted the petition of The City School District of the City of New York and Carmen Farina (collectively DOE) seeking to vacate an arbitrator's award, dated December 5, 2017, to the extent that it ordered respondent Nadav Zeimer's reinstatement as Principal of Harlem Renaissance High School, and denied the cross motion to dismiss the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs. Judgment, same court and Justice, entered April 25, 2019, denying petitioner Zeimer's petition to enforce the arbitrator's decision to reinstate him to his former position, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In the article 75 proceeding, the court correctly determined that it had jurisdiction over the proceeding since Education Law § 3020-a(5) specifically provides for judicial review of arbitrator's decisions, pursuant to CPLR 7511. Further, the article 75 court correctly determined that the arbitrator exceeded her authority by ordering the reinstatement of Zeimer as principal to a specific school, as the authority to place pedagogical staff is within DOE's sole purview (see Matter of Adlerstein v Board of Educ. of City of N.Y., 64 NY2d 90, 102 [1984]), and Zeimer was not cleared of all charges against him (see Matter of Einsohn v New York City Dept. of Educ., 73 AD3d 454, 454 [1st Dept 2010]).
Regarding the article 78 proceeding, since the court correctly determined in the article 75 proceeding that Zeimer is not entitled to reinstatement at his formerly assigned school, and that the arbitrator exceeded her authority by rendering a contrary determination, there is no basis for mandamus relief to enforce the arbitrator's decision (see Matter of Taylor v Hammondsport Cent. School Dist., 267 AD2d 987, 988 [4th Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020