Harry B. Frank, J.
The issue raised in this article 78 proceeding is the scope of section YY51-3.0 of the New York City Administrative Code, a section of the recently enacted Bent Stabilization Law.
The statute defines its applicability, insofar as herein pertinent, as follows:
‘ ‘ This law shall apply to Class A multiple dwellings * * * containing six or more dwelling units which:
a. were completed after February first, nineteen hundred forty-seven * * *; or
b. were decontrolled by the city rent agency pursuant to section Y51-12.0 of the city rent and rehabilitation law; or
c. are exempt from control ’ ’.
Petitioner is the owner of a building which contains seven apartments, five of which are subject to rent control under prior iaw, the other two having been decontrolled in the past. Petitioner did not register these two apartments with the Bent Stabilization Association, claiming they did not fall within section YY51-3.0, and now seeks an order annulling respondents ’ determination that they are covered by this section and, further, staying respondents from proceeding to establish maximum tents for these two apartments pursuant to procedures established under the Bent Stabilization Law upon a failure to register covered apartments with the Bent Stabilization Association.
The respondent Housing and Development Administration has administratively determined that noneontrolled apartments, net otherwise specifically exempt, are subject to the Bent Stabilization Law when located in a building containing six or more units. In other words, said respondent has held that the phrase “containing six or more dwelling units ” modifies the phrase u multiple dwellings ” and not the following subsections. Petitioner, on the other hand, argues the latter view, that unless a building contains at least six apartments subject to stabilisation, no apartments therein fall within the scope of the statute.
The court’s function in a situation such as this is to ascertain the intent of the Legislature (Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36, 43) and then determines if the administration’s interpretation of the statute has warrant in the record and a reasonable basis in law (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104) and can be applied without doing violence to the plain language of the statute (Matter of Dresher [Lubin], 286 App. Div. 591). It seems clear from the legislative history submitted that the use of the number six in the statute was to exclude from its ambit small buildings. Upholding petitioner’s contention would exempt from *1005 either stabilization or control many of the very units the law was clearly intended to cover. The interpretation urged by respondents is at least as logical as that of petitioner. Under such circumstances respondents’ determination must be sustained. The petition is denied and dismissed.