Edward J. Greenfield, J.
Motions under calendar Nos. 218 and 228 are consolidated for disposition with motion No. 182 of August 11,1972.
In this action for a judgment declaring unconstitutional the provisions of the New York City Administrative Code creating the defendant New York City Commission on Human Bights (Administrative Code of City of New York, § Bl-1.0 et seq.) or, alternatively, so adjudging certain procedures adopted by the commission and restraining the commision from utilizing those' procedures, the commission moves for sumary judgment dismissing the complaint. By companion motion, plaintiffs move for an order staying the discovery and inspection noticed by the commission in .the administrative proceeding initiated by it against plaintiffs.
The challenged procedure utilized by the commission involves the commission’s self-starting investigation and initiation of a proceeding, rather than acting solely on a complaint from an aggrieved party.
Specifically, the commission has initiated proceedings against plaintiffs charging that its investigators have found plaintiffs have utilized discriminatory practices in renting apartments in their premises. These proceedings will be the subject of a hear *1049 ing before the commission which can result in a finding either of no discriminatory practices proven, conciliation, or a public hearing. Plaintiffs ’ contention, as stated in the brief, is that the applicable statutes “ do not authorize the issuance of a complaint unless it is founded upon the report of an aggrieved party (not the commission’s investigator) that he has been the victim of actual discrimination in housing.”
The Administrative Code provisions delineating the commission’s powers provide, insofar as herein pertinent, that it has the power to ‘ receive, investigate and pass upon complaints cmd to initiate its own investigation of: * * * (b) discrimination [and] upon its own motion, to malee, sign and file complaints alleging violations of this title.” (Administrative Code, § Bl-5.0, subd. [4]; emphasis added). The last emphasized provision was added to the statute separately in 1965 (Local Laws, 1965, No. 97 of City of New York) for the express purpose of enabling actions by the commission such as that complained of now. The analogous portion of the New York Executive Law (§ 295, subd. 6, par. [b]), was similarly amended in 1965 (L. 1965, ch. 4); the purpose thereof being to enable the State Division for Human Bights “ to set its own enforcement machinery in operation.” (Governor’s Memorandum, N. Y. Legis. Annual, 1965, p. 501). Ihe powers of the defendant commission are concurrent with those of the State Division for Human Bights (Executive Law, § 295, subd. 16; General Municipal Law, § 239-s) and thus that legislative history is relevant.
In view of this language, this court will not hold the commission powerless to act absent a third-party complaint. Such a holding would severely restrict it in the performance of its function, which is the elimination of discrimination as a wrong to all, not merely to a single offended person. We have passed the stage in implementation of constitutional rights where the proper government function was considered solely that of arbiter and enforcer of these rights when denied to specific persons. Affirmative action in implementation is now recognized virtually everywhere as a proper government function. This court need decide only that such affirmative action may properly be taken, and that the administrative agency’s interpretation of the enabling legislation which grants it that power is reasonable. Dismissal of the complaint, insofar as it rests upon this ground must follow. (Matter of Schacht v. City of N. Y. Housing & Development Administration, 63 Misc 2d 1003.)
No triable issue is raised by plaintiffs as to claimed discrimination in enforcement. The commission must start somewhere *1050 in this new exercise of its powers. The first person Affected will, by definition, suffer as compared with those who committed similar acts in the past without prosecution. But ‘ ‘ more than mere nonenforcement as against other violators ” (Matter of Di Maggio v. Brown, 19 N Y 2d 283, 290) must he proven before discriminatory enforcement is shown. The joinder of the accusatory and judgment functions in the commission (which will hear the complaint in its initial stages) also is not unlawful or unconstitutional (Matter of Marrano Constr. Co. v. State Comr. for Human Rights, 45 Misc 2d 1081). Plaintiffs’ definition of the investigation as tantamount to entrapment is not well founded. The discriminatory design here, if ultimately established, did not originate within the commission, whose agents, at most, afforded plaintiffs an opportunity to violate the anti-discrimination laws. This is not entrapment (cf. Penal Law, § 35.40; Matter of Kindt v. State Comm. for Human Rights, 44 Misc 2d 896, mod. 23 A D 2d 809, affd. 16 N Y 2d 1001).
Accordingly, the defendant’s motion for summary judgment is granted and plaintiffs’ motion for a stay denied.