Arnold L. Fein, J.
This petition for a writ of prohibition and declaratory judgment and the cross motion by respondents Stevens to dismiss the petition are disposed of together.
In essence, the New York City Housing Authority (Authority) seeks to restrain the Family Court and the Judges of the Family Court from exercising jurisdiction over the Authority with respect to its tenant selection procedures. The Authority requests (1) an order of prohibition restraining the Judges from enforcing eight specific orders issued against it pursuant to section 255 of the Family Court Act; and (2) a declaratory judgment that section 255 of the Family Court Act is not applicable to the Authority and that so to apply it is unconsti *142 tutional, violative of due process and section 13 of article VI of the New York State Constitution, which sets forth the limited jurisdiction of the Family Court.
The cross motion to dismiss by respondent Háleme Stevens, one of the beneficiaries of a Family Court order against petitioner, disputes the jurisdiction of the court, the standing of the petitioner to bring suit and contends that an article 78 proceeding and an action for a declaratory judgment are not appropriate remedies.
A writ of prohibition is the appropriate vehicle to challenge jurisdictional excess (CPLR 7803, subd 2; Matter of Dondi v Jones, 40 NY2d 8; La Rocca v Lane, 37 NY2d 575), notwithstanding the availability of the remedy of direct appeal (Matter of Hogan v Court of Gen. Sessions of County of N. Y., 296 NY 1; Matter of Baltimore Mail S. S. Co. v Fawcett, 269 NY 379), where it will avoid a multiplicity of suits and effect a final resolution of jurisdictional and constitutional questions and prevent an unauthorized exercise of jurisdiction before the harm is done. (Matter of Baltimore Mail S. S. Co. v Fawcett, 269 NY 379, supra; Public Serv. Comm. of State of N. Y. v Norton, 304 NY 522.)
In some cases, although the Authority has not been made a party, orders have been directed against it, which it cannot appeal. In some cases, subpoenas have been issued, on the basis of which orders have been made without further notice. Petitioner need not await contempt proceedings. Efforts to resolve the impasse have proved unavailing.
The pertinent language of the challenged section 255 of the Family Court Act reads: "It is hereby made the duty of and the family court or a judge thereof may order, any state, county and municipal officer and employee to render such assistance and cooperation as shall be within his legal authority, as may be required, to further the objects of this act. It is hereby made the duty of and the family court or judge thereof may order, any agency or other institution to render such information, assistance and cooperation as shall be within its legal authority concerning a child who is or shall be under its care, treatment, supervision or custody as may be required to further the objects of this act. The court is authorized to seek the cooperation of, and may use, within its authorized appropriation therefor, the services of all societies or organizations, public or private, having for their object the protection or aid of children or families, including family counseling services, to *143 the end that the court may be assisted in every reasonable way to give the children and families within its jurisdiction such care, protection and assistance as will best enhance their welfare.”
It is clear from the plain wording of the statute that the Family Court has the authority at least to "order any agency or other institution to render such information, assistance and cooperation as shall be within its legal authority concerning a child who is or shall be under its care, treatment, supervision or custody”.
The issue here is whether the Authority is such an agency and, if so, to what extent may the Family Court dictate or interfere with the Authority’s tenant selection procedures in the furtherance of statutory mandate.
Section 255 cannot be read to confer jurisdiction upon the Family Court to supply immediate housing for parents and children who are the subject of Family Court proceedings. Orders directing the furnishing or repair of housing are not orders for information, assistance or co-operation. Section 255 was designed as a specific remedy to enable the Family Court to eliminate bureaucratic red tape and overcome the lack of interagency co-operation which combined to frustrate the provision of services for families and children. (Matter of Edward M, 76 Misc 2d 781, affd 45 AD2d 906.) As a public authority created to provide housing, the Authority in a sense bears a responsibility basically concomitant to the "child care” and "child protection” purposes of section 255. (Report, Assembly Select Committee on Child Abuse, NY Legis Ann, 1972, p 23.)
However, it is not a "child protection and child care” agency. It is apparent there is no constitutional or statutory obligation imposed upon the Authority or power conferred upon the Family Court to interfere with legally established Authority policies and procedures as to tenant selection or to permit blanket orders to the Authority to confer specific benefits upon specific persons in disregard of the Authority’s constitutional and statutory obligations and established procedures. The Authority is an independent public corporation with specific powers and duties. (Public Housing Law, § 400 et seq.; Matter of New York City Housing Auth. v Muller, 270 NY 333; Otero v New York City Housing Auth., 484 F2d 1122.)
The Legislature has, through section 255, conferred power *144 upon the Family Court to order co-operation. Exactly what this co-operation entails is not clearly set forth either in the statute or in the papers submitted. The factual circumstances obviate consideration of the meaning of the term "co-operatian”.
Four of the Family Court orders under review order the Authority "to assist [the mother] in obtaining a suitable apartment so as to enable the court to effectuate the discharge of [the child] from the foster care and custody of the Commissioner of Social Services to the [mother] * * * and to submit to the court * * * a written progress report in regard to the aforesaid apartment.” One order directs that "NYCHA shall provide larger apartment for respondent.” One order directs the Authority "to process the application previously filed by Mrs. Osson, to interview her, and to render such information, assistance and cooperation to the court, the Department of Social Services, and Mrs. Osson as may be required to enable Mrs. Osson to find suitable public housing at the earliest possible date * * * [and to] report on the effort made * * * to effectuate this order.” One order directs "necessary repairs * * * to the extent that such premises are' restored to standards of normal habitability * * * [and to] appear at a hearing * * * to satisfy this court as to the completion date of said repairs.” One order directs that, "The lease * * * should be changed to name of Jean Brown, and her husband should no longer be considered co-leaser.” Another order made after this matter was submitted directed the Authority "to provide suitable housing for Florence Lewis and four children.”
The laudable purpose of these orders is to facilitate the transfer of the children from foster care to their parents or other relatives and to obtain living accommodations for such purpose. However, the Authority is an independent authority, albeit a government agency, subject to the statutes under which it was created and its own rules and procedures designed to accomplish its purposes. These consist of the construction, operation and maintenance of public housing and tenant selection based upon a variety of priorities imposed by statute, constitutional considerations and its own rules, and ultimately, of course, the availability of space. (Otero v New York City Housing Auth., 484 F2d 1122, supra, dealing with its duties under the Fair Housing Act, the Civil Rights Act and the Federal Constitution.)
To the extent that tenant selection is subject to judicial *145 review, the appropriate remedy is by special proceeding pursuant to CPLR article 78 in the Supreme Court, not by orders such as those under consideration. Nothing in section 255 of the Family Court Act confers such power on that court. Nor does the State Constitution give it such power (NY Const, art VI, § 13),
Nothing in the statute or the State Constitution can be construed to confer upon the Family Court the jurisdiction to review the acts of the Authority in the assignment of apartments or processing its applications.
It is noted that in some of the Family Court proceedings, there was no prior notice to the Authority, in others the only notice was by subpoena and in only one was it made a party. Such a procedure hardly comports with the making of orders directing affirmative action by an independent agency.
In the light of the foregoing the court does not reach and has not considered the Authority’s contention that the statute is unconstitutional because it is vague, overbroad and violative of due process and that it violates the State Constitution’s limitations on the power of the Family Court.
There is no merit to the cross motion. As has been noted, prohibition is the appropriate remedy and a declaratory judgment is warranted under the circumstances. The Authority’s brief points out without challenge that prior orders of the Family Court, including that involved in the case relied on in the cross motion (Matter of Robin O., 80 Misc 2d 242) have been withdrawn and the cases mooted before the Authority could appeal. The contention that the Authority has no standing to challenge the application of the statute to it is without basis. The case relied on holds only that a State agency had no standing to challenge a statute restricting its condemnation powers (Black Riv. Regulating Dist. v Adirondack League Club, 307 NY 475). This has nothing to do with a challenge by a public authority as to the applicability or meaning of a statute affecting its powers or purporting to do so.
It is concluded that the statute confers no power on the Family Court to direct the Authority to provide living quarters or accommodations for persons subject to that court’s jurisdiction. To the extent that the orders under review give such direction, they are unlawful and unauthorized.
However, the statute does require the Authority to render assistance and co-operation to the Family Court. The judgment to be entered hereon shall so declare. The Family Court *146 and the Authority are directed to formalize a procedure for this purpose to be incorporated in the judgment.
Accordingly, the cross motion to dismiss the petition is denied and the petition is granted to the extent herein indicated. Settle judgment: (1) Denying the cross motion to dismiss; (2) granting prohibition against enforcement of the orders under review to the extent that they direct that the Authority provide or change living accommodations for the individual respondent-defendants and their families; (3) declaring that the Family Court has no power to make such orders or to institute or continue proceedings for such purpose under section 255 of the Family Court Act or any other statute; (4) declaring that the Authority is required to render assistance and co-operation to the Family Court and embodying a formal procedure to insure such purpose.