OPINION OF THE COURT
Richard D. Rosenbloom, J.
This proceeding is brought by the Monroe County Department of Social Services pursuant to article 10 of the Family Court Act against respondent Lynn Carpenter alleging neglect of a child, Olanje. Prior to the filing of the petition, a temporary order of protection was granted on September 22, 1977 placing the child in the home of respondent’s aunt and uncle, George and Eunice Coleman.
Respondent moves to compel the Department of Social Services to pay support for the child in the home of Mr. and Mrs. Coleman retroactive to the date of placement. On the return date of the motion, the department agreed to furnish *909 support for the child from November 7, 1977, the date on which the Colemans applied for public assistance, and declined to pay support prior to that date.
Respondent contends that section 255 of the Family Court Act authorizes the relief requested. Section 255 provides: "It is hereby made the duty of and the family court or judge thereof may order, any agency or other institution to render such information, assistance and cooperation as shall be within its legal authority concerning a child who is or shall be under its care, treatment, supervision or custody as may be required to further the objects of this act.”
It seems clear that an order to support the child outside of respondent’s home is necessary to further the object of this proceeding which is to safeguard the child’s well-being while the allegations of neglect are being resolved. Respondent received public assistance on behalf of the child while they lived together in the same household. Section 255 also requires that the assistance or co-operation sought to be ordered be within the legal authority of the agency. (Matter of Edward M, 76 Misc 2d 781, affd sub nom. Matter of Murcray, 45 AD2d 906; Matter of Lofft, 86 Misc 2d 431.) The court cannot interfere with legally established policies and procedures or order specific benefits for specific persons in disregard of an agency’s constitutional and statutory obligations and established procedures. (See New York City Housing Auth. V Miller, 89 Misc 2d 141.)
The question to be determined is whether or not the Department of Social Services has the authority to furnish support prior to the date of an application for assistance. A review of the regulations governing the operations of the department reveals no such authority. Application for assistance for a child is made by the relative with whom the child lives (18 NYCRR 369.1 [b]) and is dependent on the eligibility of the relative (18 NYCRR 369.3 [a] [6]). The amount of the assistance grant is computed from the date of establishment of eligibility or the 30th day after receipt of a signed and completed application (18 NYCRR 351.8 [c] [2]), both of which dates must necessarily fall subsequent to the date of application. Furthermore, 18 NYCRR 352.7 (g) provides that "Assistance grants shall be made to meet only current needs.”
Since the regulations consistently refer to the application process and operate prospectively, the court concludes that it is not within the legal authority of the Department of Social *910 Services to retroactively provide support prior to an application for assistance. Accordingly, an order pursuant to section 255 of the Family Court Act requiring such action would be inappropriate (see Currier v Honig, 50 AD2d 632). Respondent’s motion is, therefore, denied.