OPINION OF THE COURT
Bernard F. McCaffrey, J.
The petitioner herein seeks an order and judgment pursuant to CPLR article 78 directing the respondent school district to pay petitioner his salary and provide all other emoluments and benefits of his employment retroactive to September 5, 1978.
Petitioner is a tenured teacher employee having taught *471 remedial reading for respondent. Prior to September 1, 1978, no certification was required in this area.
On July 14, 1978, respondent wrote and advised petitioner that effective September 1, 1978, his assignment would be that of secondary reading teacher in the Memorial Junior High School. The petitioner reported for work on September 5, 1978, the first day of school, and was asked if he had secured his certification in his specialty which was now required. He informed the petitioner that he had not. The respondents preferred charges against him under section 3020-a of the Education Law as follows:
“CHARGE
“1. That you have failed to maintain certification or to obtain certification or a certificate of eligibility within your area of assignment or to obtain a waiver of the same as required by the Education Law of the State of New York and the Regulations of the Commissioner of Education.”
Petitioner was notified of this on September 6, 1978 and removed from his duties on that date. His removal was without pay. Hearings were held on October 31, 1978, November 13, 1978 and November 30, 1978. There has been no determination by the hearing panel relative to the charge.
Petitioner states that he has applied for and received certification from the Commissioner of Education which gives him permanent certification as a reading teacher. The effective date of the certificate is September 1, 1978. The facts indicate that the certificate was issued sometime in the middle or latter part of October, 1978 on a date subsequent to October 19, 1978 which is the date of a request made by the State Education Department of the petitioner to forward to the department the necessary fee at which time the certificate would be issued since petitioner had been found to meet the requirements for certification.
Respondents contend that petitioner was not certified on September 5, 1978 and did not possess a certification as called for by section 3001 of the Education Law. They also contend that the petition must be dismissed since the petitioner has not exhausted his administrative remedies.
Section 3001 of the Education Law provides:
”§ 3001. Qualifications of teachers.
*472 "No person shall be employed or authorized to teach in the public schools of the state who is:
* * *
"2. Not in possession of a teacher’s certificate issued under the authority of this chapter or a diploma issued on the completion of a course in a state college for teachers or state teachers college of this state.”
The respondent argues, from this, that since the petitioner was not in physical possession of his certification he was not qualified to teach and pursuant to sections 3009 and 3010 of the Education Law could not be paid. The court does not agree with this narrow interpretation of the statute and the meaning of the word possession.
The court has considered the practice of the Commissioner of Education in issuing certifications effective either September 1 or February 1 of any given school year. In light of this practice by the Commissioner of Education, the court finds that the petitioner was in possession of a teacher’s certificate as of September 1, 1978. It follows, therefore, that there was no statutory prohibition against the school board maintaining him as a teacher or paying him with funds appropriated for that purpose. Any other construction would needlessly impede the educational system of the State and not be consistent with the legislative intent.
The second part of respondent’s argument that petitioner has not exhausted his administrative remedies is without merit. There are no real issues of fact to be determined on an administrative hearing. Respondent now concedes that petitioner is certified but contends he was not so certified as required by law. The issue really is the meaning of section 3001 of the Education Law. Direct resort may be had to judicial remedies where the legality or meaning of a statute is in dispute and no question of fact is involved. (Board of Educ. v Rickard 32 AD2d 135, 137, 138; see, also, Bailey v McDougall, 66 Misc 2d 161, 163.)
The petition is granted.