OPINION OF THE COURT
Thomas E. Mercure, J.
This is a CPLR article 78 proceeding in which the petitioner, a tenured teacher employed by the respondent school district, seeks the reversal of a resolution of the Board of Education which granted petitioner a one-semester leave of absence.
The petitioner has taught in the respondent school district since 1974. The petitioner received provisional teaching certificates from the New York State Education Department which were extended in 1979 and expired in 1980. In 1980, application was made for permanent certification in social studies and physical education. From that time to September 1984, the Education Department failed to issue a permanent certification.
By the opening of school in September 1984 the respondent had issued an ultimatum to the petitioner: take a leave of absence to obtain certification, or risk being suspended without pay and charged with lack of certification under the teacher *805 tenure disciplinary statute, Education Law § 3020-a. On August 4,1984, petitioner requested a one-year leave of absence. When school opened, respondent was aware that petitioner might receive her certification shortly.
On September 14, 1984, a meeting was held between the respondent’s superintendent and a representative of the Gloversville Teachers’ Association, at which it was agreed that a request by petitioner for unpaid leave from September 1, 1984 until she received her permanent certification would be submitted to the Board of Education and that neither petitioner nor the teachers’ association would consider said leave of absence “precedent setting”. The leave request, to extend only until petitioner actually received the permanent certification documents, was presented to the Board on September 17,1984. At that time, the Board, rather than granting or denying the leave presented to it, imposed a leave without pay of one semester’s duration. The collective bargaining agreement between the Gloversville Teachers’ Association and the respondent states as follows: “13. Beginning in the School year 1983-1984, tenured teachers who make application with reasonable notice to the Board, shall be granted an unpaid personal leave of absence for up to one year. Such leave request may be made at any time before or during the School year, but such leave shall terminate at the beginning of a semester (or school year).”
The respondent received the certification documents on October 12, 1984, but refused to reinstate petitioner when she physically reported to duty on October 19, 1984. The certification documents issued by the Education Department permanently certified petitioner in physical education and social studies retroactively to September 1, 1980. Although she was not suspended by the Board, petitioner did not report to work during the 1984-1985 school year until October 19, 1984. Petitioner’s one-semester leave expired on January 25, 1985, but she seeks reimbursement for back pay from September 1,1984 and restoration of her seniority and longevity rights.
The question which must be addressed by the court is whether a board of education has authority to grant a leave of absence of a different duration than that requested by the teacher so as to conform to the collective bargaining agreement.
The question must be answered in the negative.
The choices available to the Board of Education were to either grant the leave of absence as requested by petitioner without modification, deny the leave of absence as requested without prejudice to the petitioner submitting what the Board of Educa *806 tian considered to be a proper leave request, or bring charges against the teacher under Education Law § 3020-a.
A teacher must maintain certification in order to continue employment. (Education Law §§ 3001, 3012.) Where a teacher is uncertified, charges might be brought against the teacher by the employer board of education. (Education Law § 3020-a.) If the teacher possesses no certification whatsoever, the teacher may be suspended, without pay, during the course of the teacher tenure hearing (Matter of Meliti v Nyquist, 41 NY2d 183).
In this case, in order to avoid being suspended without pay, petitioner sought a leave of limited duration until she actually received the documents which she expected and which the State Education Department had advised her and the school district would be issued shortly. The school district claims that it could grant a leave of absence only in accordance with the provisions of the collective bargaining agreement. The petitioner asserts that her request for a leave of absence was specific and was submitted in accordance with an understanding reached by her teachers’ association and the superintendent of schools and, therefore, modified the terms of the collective bargaining agreement. The petitioner further asserts that if her leave request did not conform to the terms of the agreement and the agreement controlled, then the leave request should have been denied and the teacher should have been advised to submit a leave request in accordance with the terms of the agreement.
Since petitioner’s leave request was not granted and she was not notified to submit a proper leave request, it cannot be said that the action of the Board of Education either complies with its statutory authority to grant or deny leaves requested by teachers or with the contractual agreement to do so. In short, petitioner never requested a leave of one semester’s duration. A board of education may not unilaterally change the terms of a leave request any more than it may unilaterally change the terms of any contract presented to it for consideration. No unilateral modification of a contract may be binding on the other party.
Petitioner herein seeks reinstatement with full back pay and benefits to the beginning of the 1984-1985 school year based upon Matter of Butcher v Board of Educ. (99 Misc 2d 470). Petitioner contends that she is entitled to pay not only after the actual issuance of the teaching certificate, but also back pay for the period the certificate is retroactively dated. Respondents contend that if petitioner is entitled to reinstatement, she is only *807 entitled to retroactive pay from the time she demonstrated her ability to perform teaching services on October 19, 1984.
The case at bar is easily distinguished from Butcher (supra). Petitioner was not suspended without pay during the pendency of a disciplinary proceeding for failure to maintain certification under Education Law §§ 3020-a and 3012. Petitioner clearly chose between the alternative of being suspended without pay at the commencement of the 1984-1985 school year or taking a leave of absence. The facts clearly demonstrate the petitioner’s choice of a leave of absence by her August 4, 1984 letter requesting a one-year leave, her subsequent request of September 14, 1984 for a leave until such time as she obtained her certification, and her voluntary failure to perform or attempt to perform her teaching duties until October 19, 1984.
Petitioner cannot argue that her failure to perform her teaching duties from the commencement of the school year until October 19, 1984 was involuntary due to her suspension by the Board of Education as was argued in Butcher (supra). Petitioner was not suspended, so her failure to perform her teaching duties was her own voluntary act under her self-perceived leave of absence. Petitioner’s right to retroactive pay and other benefits must be limited to that point in time when petitioner’s failure to perform her teaching duties became involuntary. That date is October 19, 1984, the time when petitioner was told by respondent that she could not perform her duties until the beginning of the next semester.