In the Matter of WILLIAM HURWITZ, Petitioner, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent.

Supreme Court, New York County, December 9, 1988

## APPEARANCES OF COUNSEL

*Power, Weiss & Marks (Arnold M. Weiss* of counsel), for petitioner. *Peter L. Zimroth, Corporation Counsel (Ronald P. Younkins* and *Neal J. McNamara* of counsel), for respondent. *Albert J. Kostelny, Jr.,* for State of New York Division of Human Rights, *amicus curiae.*

**OPINION OF THE COURT**

IRA GAMMERMAN, J.

In this CPLR article 78 proceeding, petitioner seeks judgment prohibiting respondent, the New York City Commission on Human Rights (the Commission), from holding a hearing or taking any further action with respect to a complaint on the ground that the Commission lacks jurisdiction over the matter and directing the Commission to dismiss the subject complaint. Petitioner also seeks preliminary injunctive relief.

Petitioner, William Hurwitz (Hurwitz), a dentist licensed by the State of New York, practices dentistry in an office at 603 Fifth Avenue, New York, New York. The complainant in the underlying proceeding, John Campanella (Campanella), an individual with acquired immune deficiency syndrome (AIDS), sought Hurwitz's dental services and came to his office by appointment on February 27, 1987. On this visit Campanella informed Hurwitz that he had been diagnosed as having AIDS. Hurwitz examined Campanella but by letter of the same day refused Campanella further treatment "due to the nature of your illness." On March 3, 1987, Campanella filed a complaint with the Commission alleging an unlawful discriminatory practice on the ground that Hurwitz refused to treat him because he had the disability of AIDS. The Commission staff conducted an investigation of the complaint and on April 16, 1987 found that probable cause existed to believe that Hurwitz had engaged in discriminatory conduct within the meaning of section 8-107 (2) and section 8-108 of the New York City Human Rights Law (Administrative Code of City of New York § 8-101 *et seq.*) (Administrative Code or Human Rights Law hereinafter). The complaint was referred to the Commission's hearings division.

In June 1987 Hurwitz made a prehearing motion pursuant to rule 32 (a) of the Commission's Rules of Practice to dismiss the complaint on jurisdictional grounds. The grounds raised on the motion were: (1) the Education Law of the State of New York regulates the practice of dentistry and preempts the Human Rights Law as to all aspects of the regulation of the practice of dentistry; (2) a private dental practice is not a public accommodation within the meaning of the Human Rights Law and is, in any event, distinctly private in nature and therefore exempt from the Human Rights Law; and (3) even if Hurwitz's dental practice is deemed to be a place of public accommodation and not distinctly private, his decision

to refer an AIDS-infected person elsewhere for treatment constitutes a reasonable accommodation under the law.

The Commission's staff opposed the motion to dismiss. A decision denying the motion was rendered by the presiding Hearing Officer on February 22, 1988. With respect to Hurwitz's preemption defense, the Hearing Officer found, *inter alia,* that while the Education Law "provides for the regulation of the admission to and the practice of certain professions" (Education Law § 6500), including dentistry and dental hygiene (Education Law § 6600), defines the practice of dentistry and the use of the title of dentist, provides for the establishment of a State board for dentistry and sets forth requirements for dental licenses and limited permits, and defines and regulates dental hygiene (Education Law §§ 6600-6611), it does not preempt the discrimination field so as to forbid human rights agencies from adjudicating complaints of discrimination by dentists and is not intended to permit dentists to discriminate. The Hearing Officer found no overlap or conflict between the Education Law and the Human Rights Law that could deprive the Commission of jurisdiction. On the issue of whether a dentist's office is a place of public accommodation, the Hearing Officer found that both the language of the statute itself, defining the term "place of public accommodation" (Administrative Code § 8-102 [9]) and case law interpreting that language, brings dental offices within the definition. As to petitioner's claim that his dental office falls under the exemption for "any institution, club or place of accommodation which proves that it is in its nature distinctly private" (Administrative Code § 8-102 [9]), the Hearing Officer held this to be a factual question to be determined at the hearing. The Hearing Officer determined that Hurwitz's claim that his decision to refuse to treat an AIDS-infected person and to refer him elsewhere was an exercise of professional judgment presents a disputed issue of fact which should not be decided on a prehearing jurisdictional motion but must also await determination at hearing.

After the Hearing Officer's denial of the prehearing motion petitioner brought the instant proceeding. Simultaneously with the notice of petition, petitioner made a motion seeking preliminary injunctive relief enjoining the Commission from taking any action with respect to the underlying proceeding pending the determination of this article 78 proceeding. However, the Commission apparently had no intention of proceeding to a hearing while the instant article 78 proceeding was

*sub judice,* and judgment therein will render the motion for preliminary injunctive relief academic. The New York State Division of Human Rights has moved for leave to appear as *amicus curiae.* I granted that motion. An *amicus curiae* brief has been submitted, as has a flow of letters further litigating the issues raised. Because of the importance and broad social impact of the subject of this proceeding all such submissions have been accepted, reviewed and considered. Although Campanella died of AIDS in February 1988, because of the serious issues, equities and public interest involved of the proceeding, it has not abated; the Commission's client is "the public interest."

The instant petition raises all issues litigated before the Commission staff on the prehearing motion and contests the dispositions made thereon in the Hearing Officer's decision. It asserts further—as though this issue, too, had been raised on the prehearing motion—that with respect to handicapped persons the Human Rights Law pertains only to employment discrimination and is therefore inapplicable to the complaint. A review of the papers submitted on the prehearing motion shows that this issue was not raised by notice of motion or in any motion papers except for a final sur-sur-reply brief submitted by Hurwitz, nor was it addressed by the Hearing Officer in his decision. This issue, therefore, is not properly before the court in an article 78 proceeding challenging that decision. In addition, the argument clearly lacks merit. Petitioner claims that because the word "qualified" is used in section 8-108 it refers only to employment matters. However, section 8-102 (16) (e) defines an "otherwise qualified person" as: "a handicapped person, who, with reasonable accommodation can satisfy the essential requisites of the *job or benefit* in question, and in the case of alcoholism, substance abuse and drug addiction, is recovering and currently free of abuse of same." (Emphasis added.)

Alleging that the Commission's actions are wholly beyond its jurisdiction in that it: (1) seeks to regulate the practice of dentistry which is an area preempted by the Education Law; and (2) seeks to regulate the conduct of a dentist's private office which is not a public accommodation, petitioner invokes the remedy of the extraordinary writ of prohibition for a judgment directing the Commission to take no further action upon, and to dismiss, the underlying proceeding as not within its jurisdiction.

The remedy of prohibition is restricted to those circum-

stances which require a forbidding of the exercise of unwarranted power *(Matter of Lyons v Goldstein,* 290 NY 19). Prohibition lies only where there is a clear legal right and only when a body or officer acts or threatens to act without jurisdiction in a matter over which it has no power or where it exceeds its authorized powers in a matter over which it has jurisdiction *(Matter of Dondi v Jones,* 40 NY2d 8, 13; *La Rocca v Lane,* 37 NY2d 575, 578-579, *cert denied* 424 US 968). The remedy does not issue as a matter of right, but only in the sound discretion of the court, and in exercising that discretion, the court must consider various factors, such as the gravity of the harm caused by the excess of power, the availability or unavailability of an adequate remedy on appeal or at law or in equity, and the remedial effectiveness of prohibition if another adequate remedy does not exist *(Matter of Dondi v Jones,* 40 NY2d, *supra,* at 13; *La Rocca v Lane,* 37 NY2d, *supra,* at 579-580).

Respondent urges that petitioner cannot justify judicial interference with the proceeding now pending before the Commission because the jurisdictional questions have not been finally determined by the Commission and the Commission's decision, including its final determination as to its jurisdiction, will be reviewable in an article 78 proceeding at the conclusion of the administrative process. Not only did the Hearing Officer reserve certain factual questions for hearing, but those issues on which he made a determination would still be subject to review by the full Commission, which ultimately may decline to adopt the Hearing Officer's recommendations, including those made on the jurisdictional issue. Respondent Commission contends that petitioner has failed to meet his burden of showing that judicial interference is warranted at this point and is therefore bound by the rule of exhaustion of administrative remedies.

Petitioner relies on the rule that exhaustion of administrative remedies is not required where an agency's action is challenged as unconstitutional, wholly beyond its grant of power, when resort to the administrative remedy would be futile or when its pursuit would cause irreparable harm *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Dineen v Borghard,* 100 AD2d 547). In addition, petitioner urges that the court entertain such a challenge where it raises only questions of law (citing *Matter of Butcher v Board of Educ.,* 99 Misc 2d 470, 472) and where it is desirable to promptly settle a jurisdictional question in order

to prevent a multiplicity of void proceedings *(New York City Hous. Auth. v Miller,* 89 Misc 2d 141, 142).

Most emphatically urged by petitioner is his claim of irreparable harm if the court fails to rule on the jurisdictional issue. Petitioner alleges that if he is required to proceed to a hearing before the Commission, he and other dentists will feel constrained to treat persons with AIDS in their offices, thus exposing themselves and others to the risk of contracting AIDS, that he and other dentists will conclude that notwithstanding the medical necessity thereof it would be unlawful to refer a person with AIDS to another facility, that he would have to alter his practice to implement ultrastrict infection control measures which would ultimately result in a heavy loss of revenue from his dental practice, and that he would be exposed to the expense, stress and adverse publicity of litigation.

These fears and concerns are without merit on a number of grounds including that certain risks alleged, if they exist, are posed as well by unidentified persons with AIDS or HIV (human immune deficiency virus) infection and are along with other fears, concerns and risks alleged, in any case, highly speculative, dealing only with theoretical possibilities. The first two, in addition, include claims on behalf of unnamed individuals not parties to this proceeding. The last of these contentions is without merit by analogy to the rule of law that the danger of judicial proceedings is not an injury justifying an injunction *(see, Wolfe v Burke,* 56 NY 115). Moreover, the Commission has taken no action against petitioner and will not do so during the course of a hearing. Petitioner's other grounds for urging that the court entertain a challenge to the Commission's jurisdiction are also without merit, except for petitioner's plea that in the exercise of its discretion the court "consider the desirability of the prompt settlement of an important jurisdictional question so that a multiplicity of void proceedings in other cases will be prevented". *(Matter of Dondi v Jones,* 40 NY2d, *supra,* at 14.) On this ground I find that, because the preemption issue raised by petitioner is truly jurisdictional, a challenge of the Commission's jurisdiction over the underlying proceeding may appropriately be considered. However, in these procedural circumstances only the preemption issue merits such consideration; the issue of whether petitioner's office is a place of public accommodation does not, nor do any of the other issues—all patently nonjurisdictional—raised by petitioner herein.

The interpretation and application in a particular matter of the statutory definition of "place of public accommodation" (Administrative Code § 8-102 [9]) is, initially, a matter peculiarly within the jurisdiction of the Commission, and to seek a writ of prohibition for lack of jurisdiction before the whole Commission has rendered a final decision on the issue is an egregious form of begging the question. The Commission is the agency created to be responsible for administering the Human Rights Law; thus it must initially have the opportunity to review a complete record, including the full litigation of this issue before the Commission staff and make a final determination thereon. The decision of the Hearing Officer on the prehearing motion is not a Commission determination. If the full Commission renders a final decision on this matter, it will be neither acting wholly without jurisdiction nor in excess of its jurisdiction, nor will it cause the dire consequences anticipated by petitioner. Rather, it will be fulfilling its mandate as the agency created and designated by the Human Rights Law to, *inter alia,* initially construe the statute. Although statutory construction is the function of the courts, where the question is one of specific application of a broad statutory term, in a proceeding, it is appropriate that the agency administering the statute make an initial determination, and only thereafter is it appropriate for the court to exercise its function of limited review *(cf., e.g., Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Mounting & Finishing Co. v McGoldrick,* 294 NY 104, 108). Since the Commission would not be acting wholly outside of or in excess of its powers but merely following its mandate in making a determination of whether petitioner's dental office is a place of public accommodation, and its final determination would be reviewable, prohibition cannot be invoked with respect to this issue.

If, as petitioner claims, the subject of the underlying proceeding is preempted by the Education Law, a writ of prohibition should be granted. However, the court is not persuaded by petitioner's contention that the issue of whether his refusal to treat Campanella was an act of discrimination on the basis of Campanella's physical handicap, AIDS, is somehow entirely subsumed under the exercise of professional judgment and is therefore purely a matter of the practice of dentistry regulated by the State of New York under the Education Law. The Education Law is intended to assure the professional medical competence of dentists. The Human Rights Law is intended to provide remedies for unlawful discrimination in, *inter alia,*

any public accommodation. The purposes and functions of the statutes are distinct and different and do not overlap. The State has never shown an intention to preempt the field of dentistry where human rights are involved. The State Legislature which enacted the Education Law created the State Division of Human Rights with jurisdiction over complaints of discrimination pursuant to the State Human Rights Law (Executive Law § 290 *et seq.).* That the State Legislature intended to invest the Commission with such complaints of discrimination is evidenced by General Municipal Law § 239-s pursuant to which "jurisdiction of the New York city commission on human rights in relation to matters within the city of New York shall be deemed concurrent with the jurisdiction of the New York state division of human rights." *(See, Ungar v New York City Commn. on Human Rights,* 71 Misc 2d 1048, 1049; *Matter of Feigenblum v Commission on Human Rights,* 53 Misc 2d 360, 363.) Moreover, the inclusion of dispensaries, clinics and hospitals in the definition of "place[s] of public accommodation" in both the State Human Rights Law (Executive Law § 292 [9]) and the city's Human Rights Law (Administrative Code § 8-102 [9]) demonstrates that the legislators who enacted the statutes did not intend to exempt the medical field from scrutiny by the Commission where discrimination is alleged.

Both the State and city antidiscrimination laws have been upheld where petitioners claimed jurisdiction was preempted by a statute regulating the particular business or profession involved in the proceeding. Thus, for example, a complainant was entitled to seek redress before the Commission rather than the Board of Education of the City of New York, a State agency, even though: "discrimination in the school system is, in the broadest sense, an educational affair, and the board clearly has authority to deal with it. But it has never been considered 'strictly educational or pedagogic' so as to be a matter within the board's *exclusive* jurisdiction" *(Matter of Maloff v City Commn. on Human Rights,* 38 NY2d 329, 332-333 [emphasis in original]). Similarly, a funeral home's contention, in a matter involving discrimination against a person who died of AIDS, that the funeral industry is strictly regulated by the State Department of Health which preempts the Commission's jurisdiction, was rejected in this court *(Dimiceli & Sons Funeral Home v New York City Commn. on Human Rights,* NYLJ, Jan. 14, 1987, at 7, col 3 [Sup Ct, NY County, Schackman, J.]). In a sex discrimination case brought pursu-

ant to the State Human Rights Law, where it was claimed that the Disability Benefits Law overlapped and preempted the State Human Rights Law, the State Human Rights Law prevailed and the court characterized the statutes as: "two nonparallel lines which do not intersect however far extended and which accordingly do not lie in the same plane." *(Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,* 41 NY2d 84, 88.)

Petitioner has presented no cases where a court held that a State or local antidiscrimination statute was preempted by a State regulatory statute. The preemption cases cited by petitioner are inapposite. The main thrust of petitioner's preemption argument is, in substance, that the Commission is not an agency qualified to deal with public policy questions of delivery of dental care where the spread of AIDS has raised serious issues of contagion and infection control measures, has caused mounting costs occasioned by responses to these issues, and raised further questions of where and how treatment is best delivered to individuals infected with AIDS. Petitioner argues that the Commission lacks the expertise to distinguish between a dentist's professional judgment and an unlawful discriminatory act.

It is clear to this court that the Commission "does not intend to obstruct the legitimate exercise of professional judgment" (decision, Hearing Officer on prehearing mot [Feb. 22, 1988, at 16]) and that the Commission does not "require that every dentist must treat every patient" *(supra).* On such issues the Commission can and does afford due deference to medical judgments. In cases where access to treatment is based on an individual's disability, the inquiry is whether a good attempt was made at reasonable accommodation. The determination as to what constitutes reasonable accommodation is made with due deference to the judgments of responsible health officials, a procedure well within the purview of the Commission. Petitioner has not shown that he is entitled to relief in the nature of prohibition on the issue of preemption.

Accordingly, petitioner's application is denied with prejudice as to the issues of preemption and the applicability of the Human Rights Law to the disabled, and is denied without prejudice as to all other issues raised herein. The petition is dismissed. The motion for a preliminary injunction is denied as academic.