■ In the Matter of WILLIAM HURWITZ, Appellant, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent.—In this CPLR article 78 proceeding in which petitioner-appellant challenges respondent-respondent's jurisdiction to adjudicate a complaint charging him with a violation of the New York City Human Rights Law (Administrative Code of City of New York § 8-107 [2]; § 8-108.1), the judgment of the Supreme Court, New York County (Ira Gammerman, J.), entered January 6, 1989, which denied the petition with prejudice as to the issues of preemption and the applicability of the Human Rights Law to the disabled and without prejudice as to all other issues, and dismissed the proceeding, unanimously affirmed, without costs.

Inasmuch as no administrative hearing has been held on the issue of whether appellant's dental office is a "place of public accommodation" within the meaning of the Human Rights Law (Administrative Code § 8-102 [9]) and the agency's determination is ultimately subject to judicial review, injunctive relief through a writ of prohibition is not an appropriate remedy *(Matter of Walston & Co. v New York City Commn. on Human Rights,* 41 AD2d 238, 241). Appellant's claim that the State Education Law, regulating the practice of certain professions, including dentistry, has preempted local action in this area was properly rejected by the Supreme Court *(Matter of Maloff v City Commn. on Human Rights,* 38 NY2d 329, 333). Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ. *[See,* 142 Misc 2d 214.]