■ DANIEL ELSTEIN, Respondent, v STATE DIVISION OF HUMAN RIGHTS, Appellant.—Order and judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner, Dr. Daniel Elstein, an orthopedic surgeon in private practice, maintains an office in the City of Syracuse. Dr. Elstein treated a patient from April 1982 through 1986 for orthopedic problems, including costal chondritis and chronic cervical sprain. On August 16, 1986, the patient called to schedule an office visit and informed a member of Dr. Elstein's staff that he had contracted AIDS. The patient was advised that Dr. Elstein would no longer treat him and that he should seek treatment at an AIDS clinic.

On February 2, 1987, the patient filed a complaint with respondent, State Division of Human Rights (SDHR), alleging that Dr. Elstein had discriminated against him on the basis of his disability. After an investigation, the SDHR made a preliminary finding that it had jurisdiction in the matter and found probable cause to believe that Dr. Elstein had engaged in an unlawful discriminatory practice. After a hearing on the complaint was scheduled, Dr. Elstein commenced this CPLR article 78 proceeding in the nature of prohibition, seeking to

prohibit the SDHR from holding a hearing on the ground that a private physician's office is not a "place of public accommodation" within the meaning of the Human Rights Law (Executive Law § 292 [9]). Supreme Court granted the writ and dismissed the complaint, holding that, as a matter of law, a physician's office is not a "place of public accommodation".

Inasmuch as no administrative hearing has yet been held to allow the SDHR to determine whether petitioner's medical office is a "place of public accommodation" within the meaning of the Human Rights Law (Executive Law § 292 [9]) and because the agency's final determination is subject to judicial review (Executive Law § 298), relief by way of a writ of prohibition is not an appropriate remedy *(see, Matter of Hurwitz v New York City Commn. on Human Rights,* 142 Misc 2d 214, *affd* 159 AD2d 417; *cf., Sattler v City of N. Y. Commn. on Human Rights,* 147 Misc 2d 189). (Appeal from order and judgment of Supreme Court, Onondaga County, Stone, J.—art 78.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.